ALEXANDER *v.* FORD MOTOR COMPANY.

1. WORKMEN'S COMPENSATION—FINDING OF COMMISSION—GRINDER—SILICOSIS.

Finding of workmen's compensation commission that plaintiff's silicosis was such as to prevent his being employed as a chipper, grinder, and finisher of metal, being supported by testimony as to his inability to obtain work at such employment and by physicians as to his condition, is conclusive on appeal (CL 1948, § 413.12).

2. SAME—OCCUPATIONAL DISEASE—PROXIMATE CAUSE.

Provision of workmen's compensation act imposing liability upon an employer for whom employee was working when occupational disease was contracted and to the nature of whose work it was due must be construed in its entirety and in connection with other pertinent provisions of the statute terming such disease a "personal injury" and does not impose liability unless the employment, because of attendant conditions, results in disability (CL 1948, §§ 417.1, 417.2, 417.9).

3. SAME—OCCUPATIONAL DISEASE—SILICOSIS—DATE OF DISABLEMENT—SUBSEQUENT PROVISIONAL EMPLOYMENT.

Plaintiff's disablement from silicosis was properly found to have been due to his employment as chipper, grinder and finisher of metal with defendant casting company and the date of disablement as the last day of employment, where although he was provisionally employed by defendant motor company 8 days later, such employment was terminated 4½ days thereafter when it was discovered that an X-ray taken on day of employment showed him to be suffering from silicosis (CL 1948, §§ 417.1, 417.2, 417.9).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  58 Am Jur, Workmen's Compensation, §§ 530, 532.
[2, 3]  58 Am Jur, Workmen's Compensation, §§ 243–246.
[5]  58 Am Jur, Workmen's Compensation, § 543.
[5]  Constitutionality, construction, application and effect of provisions of workmen's compensation acts in relation to costs or expenses on appeal or review. 79 ALR 678.

4. SAME—WORKMEN'S COMPENSATION COMMISSION—FINDINGS—EVI-
DENCE.

Findings of fact by the workmen's compensation commission,
that are supported by testimony, are not subject to question
by the Supreme Court on appeal (CL 1948, § 413.12).

5. SAME—APPEAL—COSTS.

Plaintiff employee and defendant casting company's former
insurer are entitled to costs against such defendant and its
present insurer upon affirmance of award against latter upon
their appeal and subsequent employer was entitled to costs
against plaintiff upon affirmance of award relieving such
employer from liability.

Appeal from Workmen's Compensation Commis-
sion. Submitted January 2, 1951. (Docket No. 23,
Calendar No. 44,706.) Decided March 1, 1951.

Amos Alexander presented his claim for compen-
sation against Ford Motor Company, employer, and
Detroit Steel Casting Company, employer, and State
Accident Fund, insurer. Michigan Mutual Liability
Company interpleaded as defendant. From award
to plaintiff against Detroit Steel Casting Company
and State Accident Fund, they appeal. Affirmed.

*Marcus, Kelman & Loria,* for plaintiff.

*Henry A. Compeau* (*Rowland E. Giller,* of coun-
sel), for defendant Detroit Steel Casting Company
and State Accident Fund.

*William T. Gossett, E. C. Starkey* and *R. L. Chap-
man,* for Ford Motor Company.

*L. J. Carey* and *Geo. J. Cooper,* for Michigan Mu-
tual Liability Company.

CARR, J. Plaintiff Alexander was employed by de-
fendant Detroit Steel Casting Company in its found-

ry from February 27, 1927, to and including October 20, 1948. During said period his work was that of a chipper, grinder, and finisher of metal, in which he was exposed to dust resulting from the foundry operations. In 1947, a physical examination disclosed that he had silicosis. However, he continued in his employment until for economic reasons the plant closed down the following year.

On October 28, 1948, plaintiff applied for employment at one of the plants of the defendant Ford Motor Company. He was given a physical examination and X-rays were taken. Without waiting for the results of such examination plaintiff was put to work at common labor, being advised that he was on probation until the X-rays had been studied. After working $4\frac{1}{2}$ days he was notified that it had been determined that he was .afflicted with silicosis and that, in consequence, he could not be further employed by the Ford Motor Company. He then sought employment elsewhere, but was unable to obtain it because of his physical condition. Thereupon he made application for hearing and adjustment of claim under the provisions of the workmen's compensation law,* alleging disablement from an occupational disease while in the employ of the Detroit Steel Casting Company. A similar application was made designating the Ford Motor Company as the employer. The Detroit Steel Casting Company and its insurer at the time of the alleged disability, State Accident Fund, filed an answer denying liability, and the Ford Motor Company did likewise.

The applications were heard together before a deputy commissioner of the workmen's compensation commission, who came to the conclusion after listening to the proofs of the parties that plaintiff had suffered total disability from silicosis while in the

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 et seq. [Stat Ann § 17.141 et seq.]).

employ of the Ford Motor Company, that the date of disability was November 5, 1948, that plaintiff at the time was engaged in common labor, and that he was entitled to compensation at the rate of $21 per week until the further order of the commission, but not exceeding $5,300. The deputy commissioner concluded that the Detroit Steel Casting Company was not the last employer and that, in consequence, it and its insurer were not liable for compensation under the provisions of part 7, § 9 (CL 1948, § 417.9 [Stat Ann 1949 Cum Supp § 17.228]), and entered an award accordingly.

The Ford Motor Company appealed to the workmen's compensation commission from the award made against it by the deputy commissioner, and the plaintiff likewise appealed from the award relieving the Detroit Steel Casting Company, and its insurer, from liability. Thereafter, on petition of the latter defendants, the Michigan Mutual Liability Company was, by order of the commission, added as a party defendant in the cause, it being asserted in the petition for such order that plaintiff's disability, as claimed by him, was occasioned while the Michigan Mutual Liability Company was the insurer of the Detroit Steel Casting Company. The added defendant filed an answer denying liability. No further testimony was taken, and the commission, on the basis of the proofs taken before the deputy, determined that plaintiff had sustained a total disability under the statute as a result of an occupational disease contracted in the employment of the Detroit Steel Casting Company, fixed the date of disability as October 20, 1948, and entered its awards accordingly, reversing both awards made by the deputy commissioner. The Detroit Steel Casting Company and State Accident Fund have appealed from the action of the commission, and plaintiff has also appealed from the order relieving the Ford Motor Company

from liability.  Said appeals have been consolidated for submission here.

On behalf of defendant appellants it is contended that the proofs in the case do not support the finding of the commission that plaintiff suffered total disability.  It appears from the record that plaintiff was examined by 3 different physicians and the report of each was received in evidence by agreement of counsel.  One of these reports, offered in evidence by the plaintiff, set forth the following conclusions:

"I believe that this man has the following conditions:  (1) Silicosis, mild, (2) Chronic hypertrophic emphysema, and that these conditions reduce his vital capacity to the point that he cannot carry on heavy physical work.  It would be dangerous for him to work with silica dust again.  I feel that the emphysema is largely due to the long-continued exposure to silica or at lease was aggravated by the exposure.  The silicosis is due, I feel, to the same exposure, and further work in a dusty atmosphere would accelerate the process."

The other reports also indicated that the physicians making them concluded that plaintiff was afflicted with silicosis and that he should not return to his former work, or engage in any employment where he would come in contact with silica.

Under part 7, § 1 (CL 1948, § 417.1 [Stat Ann 1949 Cum Supp § 17.220]), of the workmen's compensation act, the word "disability" is defined as meaning "the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability."  There was testimony before the commission indicating that plaintiff had an occupational disease resulting in disability within the meaning of the term as defined in the statute.  His testimony that he was unable to obtain employment because of his condition is not disputed.  The finding of the commission

that plaintiff's condition was such as to prevent his being employed as a chipper, grinder, and finisher of metal, being supported by testimony, is conclusive under the provisions of CL 1948, § 413.12 (Stat Ann 1949 Cum Supp § 17.186). *Wolanin* v. *Chrysler Corp.*, 304 Mich 164; *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich 463; *Banks* v. *Packard Motor Car Co.*, 328 Mich 513. The claim that the commission's finding as to disability was not supported by the record is without merit. *Finch* v. *Ford Motor Co.*, 321 Mich 469.

On behalf of appellants it is insisted that the commission should have held the Ford Motor Company, as the last employer, liable for payment of compensation to which the plaintiff may be entitled, with the statutory right to seek apportionment of such compensation between itself and the Detroit Steel Casting Company. Reliance is placed on part 7, § 9, of the workmen's compensation law, above cited, which reads as follows:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section may appeal to said board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. Such apportionment shall be proportioned to the time such employee was employed in the service of such employers, and shall be determined only after a hearing, notice of the time and place of which shall have been given to every employer alleged to be liable for any portion of such compensation. If the board finds that any portion of such compensa-

tion is payable by an employer prior to the employer who is made liable for the total compensation as provided by this section, it shall make an award accordingly in favor of the last employer, and such award may be enforced in the same manner as an award for compensation."

The first sentence of the section is significant. It clearly expresses the intention of the legislature that liability for the payment of compensation, in the event of disability resulting from an occupational disease, shall rest on the employer for whom the disabled employee was engaged in work in which the disease was contracted and to the nature of which it was due. The section quoted must be construed in its entirety and in connection with other pertinent provisions of the statute. Part 7, § 2 (CL 1948, § 417.2 [Stat Ann 1949 Cum Supp § 17.221]), provides that disablement of an employee from an occupational disease or disability shall be treated as a happening of a "personal injury," which term is declared by the immediately preceding section (CL 1948, § 417.1 [Stat Ann 1949 Cum Supp § 17.220]) as including "disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment." Other provisions of the statute are of similar import. The inquiry as to liability for the payment of compensation has reference to employment that, because of attendant conditions, resulted in the disability.

The commission found that the date of plaintiff's disablement was October 20th, the last day that he was employed by the Detroit Steel Casting Company. It will be noted that this was prior to the brief period that plaintiff was employed by the Ford Motor Company pending determination of the results of his physical examination. The statute, part 7, § 7 (CL

1948, § 417.7 [Stat Ann 1949 Cum Supp § 17.226]), provides as follows:

"For the purposes of this part the date of disablement shall be such date as the board may determine on the hearing of the claim."

*Finch* v. *Ford Motor Co., supra; Baughman* v. *Vicker's, Inc.,* 323 Mich 710. There is testimony in the record to support the finding of the commission that plaintiff became disabled while in the employ of the Detroit Steel Casting Company, and that on the last day of such employment he was suffering from disability as a result of silicosis that totally disabled him from further pursuing such employment, to the nature of which the disability was due and in which it was contracted. During the 4½ days that plaintiff worked for the Ford Motor Company he was not employed as a chipper, grinder, and finisher of metal. His testimony indicated that he worked at such tasks as were assigned to him, and that he understood at the time that whether he was employed as a foundry worker depended on the results of the examination made on October 28, 1948. The X-rays taken disclosed that he was on that date suffering from the disability. The condition found to exist on October 20, 1948, resulted from his prior employment.

In *Finch* v. *Ford Motor Co., supra,* the plaintiff was discharged by the defendant on August 1, 1945, following an altercation with his foreman. He remained unemployed for approximately a year, when he applied for and obtained work in another automobile factory as a common laborer. He was given a physical examination at the time he entered this employment, and an X-ray taken of his chest disclosed that he was afflicted with pneumoconiosis. His employment was therefore terminated after he had been engaged therein for approximately 5 weeks.

Subsequently he served notice of injury and claim for compensation upon defendant, and filed application for hearing and adjustment of claim. On appeal this Court found that there was testimony to support the findings of the commission as to the fact of total disability resulting from the nature of the work in the foundry department of the defendant, and the award of compensation was affirmed. See, also, *Mercatante* v. *Michigan Steel Casting Co.,* 320 Mich 542; *Allen* v. *National Twist Drill & Tool Co.,* 324 Mich 660.

The factual findings made by the commission, being supported by testimony, are not subject to question on this appeal, and justify the award of compensation. Under the record it is unnecessary to consider other questions discussed by counsel in their briefs. The awards of the workmen's compensation commission are affirmed. Plaintiff and the Michigan Mutual Liability Company may have costs against defendants Detroit Steel Casting Company and State Accident Fund, and defendant Ford Motor Company may have costs against the plaintiff.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.