In the Matter of the Claim of INA M. KILBY, Respondent, against CHARLES S. WILSON MEMORIAL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 9, 1951.

*Bernard Katzen, General Attorney of State Insurance Fund (Victor Fiddler* and *George J. Hayes* of counsel), for Biggs Memorial Hospital and State Insurance Fund, appellants.

*John E. Gaffney* for Charles S. Wilson Memorial Hospital and Liberty Mutual Insurance Company, appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Ina M. Kilby,* claimant-respondent in person.

BERGAN, J.   The Workmen's Compensation Law makes provision for occupational diseases which may be contracted in the course of similar employments with more than one employer.

This appears in section 40 which sets up a time limit on claims affecting equally work for the same employer and " similar " employment for more than one, and section 44 provides the manner in which a liability running through work for more than one employer shall be apportioned among them. The two sections complement each other and 44 has meaning only in its implementation of 40.

The Workmen's Compensation Board in urging here that its award dividing responsibility equally between two employers be sustained, argues that section 44 must be viewed as creating a liability for compensation distinct from 40. This case will serve to illustrate the complete dependence of the sequential section.

The claimant was a student nurse training under the general control and supervision of the Wilson hospital. Part of her training was an assignment to Biggs hospital, which is devoted to tuberculosis. Claimant became totally disabled because of tuberculosis, an occupational disease, on September 6, 1945. Her work at Biggs had been completed more than a year before, on July 31, 1944.

There is factual proof and medical opinion which meets the test this court is required to apply in reviewing compensation awards, upon which the board could find, as it has, that the disability was due to exposure to tuberculosis at both hospitals.

Section 40 in the respects germane here provides that compensation shall not be allowed for a disease unless it is contracted in the employment or a continuous similar employment " within the twelve months previous " to disablement " whether under one or more employers ". Continuance in the " same employment " for the " same employer " is given separate statutory treatment, but we are not now concerned with that.

The point is that section 40 in plain terms relieves Biggs of any liability for a disability occurring more than a year after any work was done in that hospital unless section 44 may be read to impose a liability on its own account.

But that section merely apportions the liability created by section 40. It first provides a general method for making an award against the employer " who last employed " the claimant in the kind of work in which the disease was contracted. If it was contracted, however, in the service of a " prior employer " the last employer against whom the award runs may

in turn, and on his own application, obtain an apportionment based on time served in each employment and reimbursement.

All this relates to a situation where within a year there has, within section 40, been employment by more than one employer. In this kind of a disease the Statute of Limitations has run against Biggs hospital and the award against it cannot be sustained.

Even if the statute had not run, Biggs could not be assessed for one half of the award unless there had been an apportionment of that amount and then it would be liable to Wilson and not to the claimant. In this limited field the special statutory mechanics control against whatever may be the usual practice relating to general or special employment or division of responsibility where more than one employer is found liable for compensation.

An additional contention made by Wilson in urging reversal requires attention. Wilson and the United States Government had a wartime nurses' training agreement beginning in 1943 pursuant to a Federal statute (U. S. Code, tit. 50, Appendix, §§ 1451–1462) under which financial assistance to the hospital was given for any student nurse joining the Nurse Cadet Corps. Claimant had become a voluntary member of the corps.

For a part of her training with Wilson hospital she was assigned to a United States Veterans' Administration hospital at Batavia. There is proof that the Government directed this assignment and fully controlled her course of training at Batavia; but there is also proof that Wilson continued in general charge of her training and of her work. She returned to Wilson for graduation and was there at the time disability has been found.

The Federal statute provides for compensation for disability for a student nurse while on such a Government assignment (U. S. Code, tit. 50, Appendix, § 1461, subd. [c]), and it is argued by Wilson that the New York compensation board accordingly had no jurisdiction of the claim.

The finding here is, however, that an exposure occurred and the disease was contracted in the work at the Wilson hospital. It is argued by Wilson that the proof clearly would, and should, sustain a finding of exposure and consequent disablement from the work in the Veterans' Administration hospital.

The trouble with this argument is that such exposure and resulting effect have not been found by the board and this court has no power to require any such finding on a record open to other interpretations.

Even if the exposure had been found in some part to have been incurred in the veterans' hospital, it could also be found, as it has been, that there were other exposures upon which to base liability. In such event, the Government hospital being beyond the power of the State to apportion the charge, the award would fall on the party or parties within reach of New York jurisdiction. Hence, liability must be assessed solely against Wilson as general employer and the one controlling claimant's employment at the time of disablement.

The decision and award should be reversed, on the law, and the matter remitted to the Workmen's Compensation Board, for an award in accordance with this opinion, with costs in favor of the Biggs Memorial Hospital against the Workmen's Compensation Board and with costs against the Wilson Memorial Hospital in favor of the Workmen's Compensation Board.

FOSTER, P. J., BREWSTER, DEYO and COON, JJ., concur.

Decision and award reversed, on the law, and the matter remitted to the Workmen's Compensation Board, for an award in accordance with this opinion, with costs in favor of the Biggs Memorial Hospital against the Workmen's Compensation Board and with costs against the Wilson Memorial Hospital in favor of the Workmen's Compensation Board.