## WAGNER v. LaSALLE FOUNDRY COMPANY.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—PERSONAL INJURY.

   Provision of workmen's compensation act imposing liability upon an employer for whom employee was working when occupational disease resulted in disability as well as other employers who had employed him since the disease was contracted must be construed in connection with other pertinent provisions of the statute and the disablement be treated as a happening of a personal injury (CL 1948, §§ 417.1, 417.2, 417.9).

2. SAME—OCCUPATIONAL DISEASE—TIME OF DISABLEMENT.

   Disablement by an occupational disease will be considered as a personal injury set forth in the occupational disease amendment of the workmen's compensation act and will be established as to time and date of injury by the provisions of the act specifically applicable to such determination (CL 1948, §§ 412.1, 417.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Workmen's Compensation §§ 246, 409.
[2]  58 Am Jur, Workmen's Compensation § 193 *et seq.*
[3]  58 Am Jur, Workmen's Compensation § 282.
[5]  58 Am Jur, Workmen's Compensation §§ 27, 28.
[6, 7]  58 Am Jur, Workmen's Compensation § 342.

3. Same—Occupational Disease—Determination of Liability.

An employee is disabled, as the term is used in the occupational disease amendment of the workmen's compensation act, when he cannot earn full wages at the work in which he was last subjected to the conditions resulting in disability which is to be treated as the happening of a personal injury as of the last day of work in the employment which so resulted and in which it was contracted and the total compensation due is recoverable from the last employer (CL 1948, §§ 412.1, 417.1, 417.2, 417.9).

4. Same—Legislature—Supreme Court—Workmen's Compensation Commission—Occupational Disease—Proximate Cause—Employment in This and Other States.

Neither the workmen's compensation commission nor the Supreme Court may exercise legislative prerogatives and establish a minimum time of employment in this State or a maximum time of employment outside this State by an employee disabled from occupational disease who has worked in employment proximately causing disablement from disease contracted therein while he had been so engaged in this State as well as elsewhere (CL 1948, § 417.9).

5. Same—Construction of Statutes in Derogation of Common Law.

The workmen's compensation act and the occupational disease amendment thereto are in derogation of the common law and the measure of relief afforded thereby may not be extended beyond its express terms (CL 1948, § 411.1 *et seq.*, § 417.1 *et seq.*).

6. Same—Silicosis—Last Employer.

The burden of paying workmen's compensation for disability due to silicosis is cast by the act upon the last employer in the employment to the nature of which the disease was due and in which it was contracted (CL 1948, § 417.9).

7. Same—Silicosis—Last Employer Out of State.

The workmen's compensation commission lacked jurisdiction to make an award of workmen's compensation to a one-time employee of defendant foundry company, his last Michigan employer, who became afflicted with silicosis as a result of his employment as a foundry worker, where after terminating employment with defendant he was engaged in similar work out of the State for 2-1/2 to 3 months (CL 1948, § 417.9).

Smith and Black, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted January 12, 1956. (Docket No. 5, Calendar No. 46,518.) Decided April 2, 1956.

Henry E. Wagner presented his claim against LaSalle Foundry Company for compensation when disabled by silicosis following employment outside of State. Award of compensation. Defendant appeals. Reversed.

*Edward J. Ryan,* for plaintiff.

*Lacey, Jones & Doelle* (*Buell Doelle,* of counsel), for defendant.

KELLY, J. Defendant-appellant claims the workmen's compensation commission erred in finding that plaintiff-appellee was totally disabled because of pneumonoconiosis and in ordering the defendant to pay plaintiff $24 per week, but not to exceed $10,500.

Plaintiff, a man 68 years of age, a molder for 40 years, was first employed in a foundry in New York State. He subsequently worked as a molder for a St. Joseph, Michigan, foundry from 1924 to 1931, and at a foundry located at Benton Harbor, Michigan, from 1935 to 1944. Plaintiff then moved to Cleveland, Ohio, and was employed at 2 Cleveland foundries for 3-1/2 years. In 1948 plaintiff returned to Michigan and was employed for about 6 months at a Benton Harbor foundry. A period of approximately 1-1/2 years then elapsed when plaintiff did not work and lived during this period on his $75 per month veteran's pension.

Plaintiff was then employed by the defendant, LaSalle Foundry Company, for a period of not more than 5 weeks, namely, from June 7, 1950, to not later than July 14, 1950. Defendant's foundry is located in Detroit, and employs between 7 and 9 men.

Work became somewhat slack and plaintiff left defendant's foundry and was employed as a molder at a Cleveland, Ohio, foundry, where he had been previously employed. After working at this Cleveland foundry for 2–1/2 to 3 months he cut his thumb, and decided to return to Michigan and reside with his father-in-law. He thereafter lived on his government pension with his father-in-law and sought no employment.

Plaintiff testified that he first felt discomfort in his chest in February, 1951, but did not seek medical advice until February, 1952.

This appeal calls for a determination of legislative intent as expressed in part 7, § 9, of the workmen's compensation act, which provides:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section may appeal to said board* for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. Such apportionment shall be proportioned to the time such employee was employed in the service of such employers, and shall be determined only after a hearing, notice of the time and place of which shall have been given to every employer alleged to be liable for any portion of such compensation. If the board finds that any portion of such compensation is payable by an employer prior to the employer who is made liable for the total

---

* The "board" here referred to is the industrial accident board whose powers and duties are now vested in the workmen's compensation appeal board. See PA 1955, No 62 (Stat Ann 1955 Cum Supp § 17.6[8] et seq.).—Reporter.

compensation as provided by this section, it shall make an award accordingly in favor of the last employer, and such award may be enforced in the same manner as an award for compensation." (CL 1948, § 417.9 [Stat Ann 1950 Rev § 17.228].)

The commission was correct in stating:

"The specific question to be decided is whether the term 'employer who last employed,' included in the provisions of section 9 quoted above, means last Michigan employer."

In determining legislative intent as expressed in part 7, § 9, of the workmen's compensation act, this Court in *Alexander* v. *Ford Motor Co.*, 329 Mich 535, held that this section must be construed in connection with other pertinent provisions of the statute and that disablement of an employee from an occupational disease or disability shall be treated as a happening of a personal injury.

In determining what is meant by the "employer who last employed the employee in the employment to the nature of which the disease was due," as set forth in part 7, § 9, consideration must be given to 2 other sections of part 7, namely, sections 1 and 2.

Part 7, § 1, of the act provides:

"Whenever used in this act:

"(a) The word 'disability' means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability." (CL 1948, § 417.1 [Stat Ann 1950 Rev § 17.220].)

Part 7, § 2, of the act reads:

"The disablement of an employee resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided

herein." (CL 1948, § 417.2 [Stat Ann 1950 Rev § 17.221].)

Part 2, § 1, of the act establishes the time and date of injury as follows:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." (CL 1948, § 412.1 [Stat Ann 1950 Rev § 17.151].)

In regard to the application of part 2, § 1, in the construction of part 7, appellee in his brief states:

"There appears to be some confusion among the profession as to the application of part 2, § 1 to an occupational disease case compensable under part 7 of the act.

"There would appear to be some conflict between part 2, § 1, and part 7, § 2."

This Court applied the provisions of part 2, § 1, in determining the date of injury in a pneumonoconiosis case in *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich 463, 469. To eliminate any possible existing confusion, this Court states that there is no conflict between part 2, § 1, and part 7, § 2, and the disablement to be considered as an injury as set forth in part 7, § 2, will be established as to time and date of injury by the provisions of part 2, § 1.

As we proceed to construe part 7, § 9, we consider part 7, §§ 1 and 2, and part 2, § 1, and combining the salient provisions of these 4 sections we establish the following: An employee is disabled when he cannot earn "full wages at the work in which the employee was last subjected to the conditions resulting in disability" (part 7, § 1); and said "disability shall be treated as the happening of a personal injury"

(part 7, § 2); and to determine the time or date of injury there must be established "the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death" (part 2, § 1); and then "the total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted" (part 7, § 9).

Defendant established the fact that plaintiff had been employed in Ohio foundries for more than 3 years and that his disablement resulted within 8 years after his last injurious exposure and, therefore, was entitled to benefits under the Ohio workmen's compensation act,* and further that no explanation was offered for plaintiff's refusal to claim workmen's compensation under the Ohio statute.

Plaintiff does not deny defendant's allegations in this regard, but contends that said argument is fallacious because the last employment might be in a State where there are no silicosis occupational disease benefits. Plaintiff further states that if defendant's interpretation of the statute is adopted, a Michigan employer could escape liability even though the employee had been exposed for years to hazardous dust conditions in its foundry.

The question naturally arises: If plaintiff and the commission's interpretation is adopted would not such a construction allow an employee to return to Michigan, after many years out-State employment, and claim compensation from a Michigan employer who had employed him for a short period of time, by proving that such employer was the last Michigan employer?

That question was not commented upon in the commission's opinion nor in plaintiff's brief, and was not answered by plaintiff's counsel when asked

---

* See Page's Ohio Revised Code Annotated, § 4123.68.—REPORTER.

by this Court during oral argument. It is evident that neither the commission nor this Court could exercise legislative prerogatives and establish safeguards such as a minimum time of employment in Michigan or a maximum time of employment outside this State.

In its opinion the commission referred to the medical proof that plaintiff had moderate to advanced pneumonoconiosis of the silicosis type and stated (1) that plaintiff's condition could be due to his exposure in foundries and exposure to sand; (2) that the deputy commissioner found that the plaintiff's disability did not manifest itself while in the employ of the defendant but did manifest itself subsequent to his employment with an employer within the State of Ohio, and inasmuch as the date of disability is the date of injury plaintiff may not recover from an intervening employer in whose employment he was not disabled, hence, his claim for compensation should be and the same was denied; (3) that there are no Michigan Supreme Court decisions bearing on this particular question; (4) that according to 50 Am Jur, Statutes, §§ 484-487, pp 508-511, unless the intention to have a statute operate beyond the limits of the State or country is clearly expressed or indicated by its language, purpose, subject matter, or history, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the State or country enacting it.

The commission's findings were as follows:

"It is our finding that the legislature, in enacting part 7, § 9 of the act, did not intend that such legislation should operate outside the territorial jurisdiction of the State of Michigan but rather intended that it should apply only within the limits of the State of Michigan. Consequently it is our finding in connection with part 7, § 9 of the act that the term 'employer' means 'Michigan employer' and the term

'employer who last employed' means 'Michigan employer who last employed.'"

The commission in its opinion refers to only 1 case, namely: *Kilby* v. *Charles S. Wilson Memorial Hospital,* 278 App Div 273 (104 NYS2d 410). Plaintiff in his brief does not call attention to additional cases and in oral argument stated that counsel for defendant agreed with him that this appeal presents a question of first impression not only in Michigan but in the United States.

In this New York case claimant Kilby was a student nurse training under the general control and supervision of the defendant hospital. Defendant and the United States government had a wartime nurses' agreement under which financial assistance was given to defendant hospital for any student nurse joining the nurses' cadet corps. For a part of her training with defendant hospital claimant Kilby was assigned to a United States veterans' hospital. There was proof that the government directed this assignment and fully controlled her course of training, but there was also proof that the Wilson hospital continued in general charge of her training and her work. She returned to Wilson for graduation and was there at the time disability was found.

The Federal statute provided for compensation for disability for a student nurse while on government assignment, and it was argued by Wilson that the New York compensation board had no jurisdiction to the claim. The court held that the board found that the exposure occurred and the disease contracted in the work at the Wilson hospital and that the Court had no power to require any contrary finding. The court made the following statement (p 277), which evidently impressed the Michigan workmen's compensation commission, but does not impress this Court in the present case:

"Even if the exposure had been found in some part to have been incurred in the veterans' hospital, it could also be found, as it has been, that there were other exposures upon which to base liability. In such event, the government hospital being beyond the power of the State to apportion the charge, the award would fall on the party or parties within reach of New York jurisdiction. Hence, liability must be assessed solely against Wilson as general employer and the one controlling claimant's employment at the time of disablement."

The above quoted statement might be of some importance if the question presented before this Court was one of apportionment, but is not helpful in deciding the question here on this appeal, *i. e.:* The liability of the defendant as an intervenor employer.

The plaintiff admitted that he was last subjected to conditions resulting in disability while he was employed at the Ohio foundry (U. S. Aluminum Match Plate Company) during 1950. The commission did not in its opinion or order establish a date of injury pursuant to part 2, § 1 (CL 1948, § 412.1 [Stat Ann 1950 Rev § 17.151]). Such a determination meeting the test "the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability" could result in but 1 finding, namely—that plaintiff's date of injury was October, 1950, while in the employ of the U. S. Aluminum Match Plate Company, in Cleveland, Ohio, several months after plaintiff left the employ of defendant. The Ohio date of injury was not mentioned in the opinion or order of the commission. The commission's finding was based on a Michigan date of disablement, as follows:

"It is our finding that plaintiff sustained a total disablement from pursuing his former occupation as a molder as the direct result of silicosis, an occupational disease, on June 3, 1952, the date on which

he was advised of his condition at the American Legion Hospital * * * and that such disease resulted from plaintiff's long exposure to foundry dust.''

In *Sutter* v. *Kalamazoo Stove & Furnace Co.,* 297 Mich 226, 232, this Court commented upon the occupational disease statute as follows:

"The occupational disease statute is in derogation of common law, and is to receive a strict construction by the courts. It was aptly stated in *Tews* v. *C. F. Hanks Coal Co.,* 267 Mich 466:

" 'The compensation act is in derogation of the common law and, therefore, its measure of relief may not be extended beyond its express terms; it is a legislative creation permitting no enlargement by principles of equity or common-law adaptations. It is arbitrary and where it speaks nothing can be added nor changed by judicial pronouncement. It imposes liability upon operatives under its provisions and measures exclusive relief in its own terms.' ''

We do not disagree with the commission's finding that the legislature in enacting part 7, § 9, of the act, did not intend that such legislation should operate outside the territorial jurisdiction of this State. In part 3, § 19, of the workmen's compensation act (CL 1948, § 413.19 [Stat Ann 1950 Rev § 17.193]), the legislature limited the jurisdiction of the workmen's compensation commission by stating that said commission should have jurisdiction arising out of injuries suffered without the territorial limits of this State in those cases where the injured employee is a resident of this State at the time of injury and the contract of hire was made in this State. The plaintiff herein was not a resident of this State at the time of the injury and the contract of hire with the Ohio company was not made in this State.

It does not follow, however, that because of the fact that part 7, § 9, of the workmen's compensation

act would not be binding upon the Ohio employer, that that necessarily would shift the responsibility for the injury from the Ohio employer to the defendant Michigan employer. To adopt such a theory would be to conclude that our legislature intended to make an award in all cases of this kind, and that where the jurisdiction of the commission prevented it from following plaintiff as he crossed our State line into Ohio that it must stop at the State line and determine what employer in Michigan was the last employer that should bear the total compensation that must be paid.

Plaintiff in his brief comments upon the fact that Michigan had no silicosis benefits for molders until 1943–some 31 years after Michigan first enacted its workmen's compensation law.* Plaintiff further comments upon the fact that silicosis is contracted by exposure to dust over a period of years and that each day's exposure adds to the disease and that, therefore, the legislature wisely removed from the employee who becomes disabled from silicosis the burden of picking out the employer in whose employment the disease could be said to have been contracted.

It is true that the legislature removed from the employee the right or burden of picking out the employer in whose employment the disease was contracted by definitely stating that that burden should be borne by "the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted." Part 7, § 9, of the act, places a rather unusual burden upon the last employer, and, as was said in

---

* The workmen's compensation act is PA 1912 (1st Ex Sess), No 10. Certain occupational diseases were made compensable by the addition of part 7 by PA 1937, No 61. This act sets up a schedule in which silicosis caused by mining was compensable. The present wording of part 7, § 1 (CL 1948, § 417.1 [Stat Ann 1950 Rev § 17.220]) is the result of the amendments in PA 1943, No 245.

*Sutter* v. *Kalamazoo, supra,* it does not allow enlargement by principles of equity or common-law adaptions by this Court and it is arbitrary in nature and where it speaks nothing can be added or changed by judicial pronouncement.

From an examination of the various sections of the act, as above referred to, this Court comes to the conclusion that the legislature intended that the commission would have jurisdiction and should exercise jurisdiction in a case of this nature under part 7, § 9, upon the last employer, provided, that such last employer was a Michigan employer; and where, as in this case, the last employer was an employer without the State of Michigan, said commission lacked jurisdiction to make an award.

The order of the workmen's compensation commission dated January 5, 1955, is reversed and compensation benefits are denied.

DETHMERS, C. J., and SHARPE, REID, BOYLES, and CARR, JJ., concurred with KELLY, J.

SMITH, J. (*dissenting*). We have here a case in which a workman 68 years of age, who has been employed in foundries as a molder for the greater part of 40 years, has contracted silicosis and is totally disabled by the disease. I agree with the commission's finding of fact that "there is no question but that plaintiff's employment as a molder, including his employment by the defendant foundry, exposed him to sand and dust and the hazard and danger of dust disease."

There is a question, however, of who shall pay the bill. Plaintiff has had foundry employment in Michigan for some 16 years and he makes his claim against his last Michigan employer, defendant here. The Michigan employer, however, would send him to Ohio for recovery, if any, and my Brother KELLY,

observing that "defendant established the fact that plaintiff * * * was entitled to benefits under the Ohio workmen's compensation act" (a conclusion which is far from indisputable to me), denies him recovery in Michigan upon an interpretation of the act with which I cannot agree.

The statute (CL 1948, § 417.9 [Stat Ann 1950 Rev § 17.228]) says that total compensation for occupational diseases "shall be recoverable." There is not much doubt at this point what our people have done. They have granted a recovery. But a theoretical right to recover is a far cry from cash in hand, as our legislators well know. Accordingly, the law does not stop here. It goes on to tell us from whom the total recovery is to be had: Compensation "shall be recoverable from the employer who last employed the employee" in the hazardous occupation. (Often there has been more than one employer. In such case the act provides for apportionment of the financial burden among the others.)

Now for the issue: Do the words "shall be recoverable" mean recoverable from the last employer in point of time (no matter where located, Ohio, Canada, or Timbuktu) or does it mean the last employer in the State of Michigan?

Let us examine the alternatives: If it means the last employer in point of time, no matter where he is, we have to conclude that the legislature has done a vain and useless thing, that it has offered an illusion of hope to these sufferers, well knowing, as we know, and as our people know, that it has no shred of authority over employers in Ohio (or elsewhere) to say that money "shall be recoverable" from them. If it means merely that the workman may travel to the foreign jurisdiction and take his chances on the law there, should he so desire, I take it that no act of the legislature was needed to give him his right. I accordingly reject this alternative urged upon us

by appellant. I cannot believe that our legislators have gone through the cruel formality of offering a silicosis sufferer the compensation he so desperately requires and at the same time providing that it "shall be recoverable" from persons over whom our legislators have no conceivable jurisdiction.

I conclude, then, that the act means that the total compensation due shall be recoverable from the Michigan employer who last employed the claimant in the hazardous occupation.

But at this point my Brother KELLY introduces a new requirement in the right to compensation, on the basis of which recovery is here denied: That compensation shall be paid by the last employer in the chain of employers, *provided,* that that last employer is in Michigan. In his own words:

"From an examination of the various sections of the act, as above referred to, this Court comes to the conclusion that the legislature intended that the commission would have jurisdiction and should exercise jurisdiction in a case of this nature under part 7, § 9, upon the last employer, provided, that such last employer was a Michigan employer; and where, as in this case, the last employer was an employer without the State of Michigan, said commission lacked jurisdiction to make an award."

The difficulties with the interpretation are manifest: It reads into the act a wholly extraneous requirement. It makes a disabled workman's right to compensation depend upon a fortuitous and arbitrary incident, unrelated to risk or exposure, *i. e.,* the geographical location of the last employer. It means, moreover, that a workman with long years of exposure in Michigan loses all right to Michigan compensation for silicosis if economic conditions in this area have forced him over the State line into nearby employment for a short time, for in such case "the last employer was an employer without the

State of Michigan." This course of action, it may be noted, is one that has been warmly commended to our people, namely, of seeking out the work where the work is, even though it means a temporary absence from one's usual home and surroundings. The wisdom, or lack of wisdom, of writing such considerations into a workman's compensation act, however, are for the legislators, after a full consideration of competing considerations, not for judicial determination under the guise of interpretation. The act under consideration is a Michigan act, it deals with Michigan workmen, and Michigan working conditions, and Michigan problems. To me the words "last employer" mean, *prima facie,* the "last Michigan employer." To add, however, a proviso, as my Brother has done, that such last employment shall have been in a given area, is beyond our competence and involves the legislative considerations above described.

The commission's interpretation of the act avoids such judicial legislation and is clearly correct: The compensation due shall be recoverable from the last Michigan employer. The result, it may be noted, is in keeping with both the letter and the spirit of the act. In the case before us we have a workman who was totally disabled by silicosis after a prolonged and substantial exposure in Michigan. There is a reasonable relation between efficient cause, final result, and ultimate responsibility. The requirements of compensability are satisfied.

The award should be affirmed. Costs to appellee.

BLACK, J., concurred with SMITH, J.