RODWELL v PRO FOOTBALL, INC
(THE WASHINGTON REDSKINS)

1. WORKMEN'S COMPENSATION—STATUTES—CONSTRUCTION.

The Court of Appeals will construe the Workmen's Compensation Act liberally to reach employers and to protect employees (MCLA 418.101 *et seq.*).

2. WORKMEN'S COMPENSATION—APPEAL BOARD—STATUTES—CONSTRUCTION.

The Court of Appeals will give weight to the Workmen's Compensation Appeal Board's interpretation of the Workmen's Compensation Act, but is not bound by such construction when it is clearly erroneous (MCLA 413.101 *et seq.*).

3. WORKMEN'S COMPENSATION—APPEAL BOARD—OUT-OF-STATE INJURIES—JURISDICTION.

The Workmen's Compensation Act gives sufficient basis for jurisdiction over a claim filed for benefits for an out-of-state injury where there was active recruitment of the claimant by the employer in Michigan, the actual signing of the contract was in Michigan, and an interest of Michigan in protecting its residents, and there is no reason to require that an employer employ three employees in Michigan (MCLA 418.115, 418.845).

4. WORKMEN'S COMPENSATION—NONRESIDENT EMPLOYERS—JURISDICTION—STATUTES.

A nonresident employer has subjected himself to the Michigan Workmen's Compensation Act by entering into a contract with a Michigan resident in Michigan (MCLA 418.845).

5. WORKMEN'S COMPENSATION—NONRESIDENT EMPLOYERS—JURISDICTION.

The Workmen's Compensation Act confers jurisdiction on the Michigan Bureau of Workmen's Compensation when the employee is a Michigan resident at the time of injury and the contract of employment was entered into in Michigan, because the statute was passed specifically to cover out-of-state injuries

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 26–31.
[3–5] 58 Am Jur, Workmen's Compensation §§ 23, 52, 53.

and the question of whether the employer is a Michigan employer is irrelevant (MCLA 418.845).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 December 4, 1972, at Detroit. (Docket No. 10885.) Decided March 26, 1973. Leave to appeal denied, 390 Mich 775.

Robert J. Rodwell filed a claim against Pro Football, Inc. (the Washington Redskins), for workmen's compensation benefits. The referee found the defendant subject to the Michigan Workmen's Compensation Act. The Workmen's Compensation Appeal Board reversed and dismissed plaintiff's claim. Plaintiff appeals by leave granted. Reversed and remanded.

*Alexander, Buchanan & Conklin (Ripple & Chambers, P. C.* [by *Sanford L. Steiner]*, of counsel), for plaintiff.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *James M. Baysinger)*, for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and PETERSON,* JJ.

LESINSKI, C. J. Plaintiff Robert Rodwell was injured while an employee of defendant Pro Football, Inc, the Washington Redskins. Plaintiff filed a petition for a hearing with the Michigan Bureau of Workmen's Compensation on June 20, 1968. Defendant filed a special appearance challenging the jurisdiction of the department. The hearing referee found that the defendant was subject to the provisions of the Michigan act. The Workmen's Compensation Appeal Board reversed and dismissed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's petition. On leave granted, plaintiff appeals to this Court.

Plaintiff, a lifelong Michigan resident, was a member of the Eastern Michigan University football team. In 1967, his senior year, he received a questionnaire from the Washington Redskins, a Maryland corporation. He completed the questionnaire and was subsequently drafted by defendant. A few days after the professional draft, a Mr. Temerario, defendant's agent, contacted plaintiff by phone concerning a contract. After negotiations plaintiff signed a contract with defendant in Michigan. Plaintiff later received further instructions and a plane ticket. He flew to Washington, D. C., underwent a physical examination, and proceeded to defendant's training camp in Carlisle, Pennsylvania. He was injured approximately ten days after arriving at camp, while participating in a tackling drill. Plaintiff then returned to Michigan.

The question on appeal is whether a nonresident employer is subject to the Michigan Workmen's Compensation Act for an out-of-state injury to a Michigan resident, hired in Michigan to do work mainly outside of Michigan. This question requires both an interpretation of the Michigan Workmen's Compensation Act and an inquiry into the constitutionality of such an extension of jurisdiction.

The principal statute involved is MCLA 418.845; MSA 17.237(845):[1]

"The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the *injured employee is a resident of this state at the time of injury and the contract of hire was made in this state.* Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act." (Emphasis supplied.)

[1] Formerly MCLA 413.19; MSA 17.193.

A literal reading of the statute would indicate that the Michigan board does have jurisdiction over this matter by virtue of the fact that plaintiff is a Michigan resident and the contract of employment was made in Michigan.

Defendant argues, however, that such an interpretation would ignore MCLA 418.115; MSA 17.237(115):

"This act shall apply to:

"(a) All private employers, other than agricultural employers, who regularly employ 3 or more employees at one time.

"(b) All private employers other than agricultural employers, who regularly employ less than 3 employees if at least 1 of them has been regularly employed by that same employer for 35 or more hours per week for 13 weeks or longer during the preceeding 52 weeks." (Formerly MCLA 411.2a; MSA 17.142[1].)

The appeal board found that MCLA 418.151; MSA 17.237(151)[2] was applicable.

"The following shall constitute employers subject to the provisions of this act:

*    *    *

"(b) Every person, firm and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written."

The board held:

"We would agree that jurisdiction to hear the claim does reside in the Bureau, and the fact that both that agency and this have considered the matter is proof thereof. But, as the Board recently noted in *Leiter v B & L Industries, Inc* [1970 WCABO 1334], decided October 8, 1970, jurisdiction alone does not obviate the

[2] Formerly MCLA 411.5; MSA 17.145.

necessity of proving the other requisites of a good claim. The Referee did in fact go a relevant step further, which we must examine, of finding defendant subject to the Act. To do this, we must find that defendant regularly employed three or more employees at one time, or less than three if at least one of them has been regularly employed for 35 hours per week for 13 weeks. (Sec. 2a[1] Part I, CL 411.2[a]).

\* \* \*

"Defendant has very few Michigan contacts. There have been three games here in twenty years, no bank account, and scouts were in and out infrequently until a separate organization took over scouting for several teams. George Mans was clearly working for plaintiff in procuring the best terms possible, and this is evident by plaintiff's own testimony.

"This leaves us with plaintiff alone and the question of whether his employment with defendant is that contemplated by the statute to make defendant subject to our Act (Sec. 2[a], Part I). We do not believe so. The employment to be undertaken by plaintiff was to be performed for a foreign employer in a foreign state. All the contact with plaintiff was done at a distance. His presence in Michigan was not for any furtherance to the defendant's business or ends; defendant's only connection with this state was one of their employees resided here.

"It is our opinion, therefore, that defendant did not meet the minimal requirements for an employer to be subject to the Michigan Act. We reverse the Referee and grant defendant's motion to dismiss the application."

We accept the board's findings of fact and limit our review to the legal issue. We approach statutory interpretation of the Workmen's Compensation Act in light of the principle that we will construe it liberally to reach employers and to protect employees. 99 CJS, *Meaning of "Employer"*, § 38, pp 223–224 (1958). We of course give weight to the board's interpretation of the statute,

but we are not bound by such construction when it is clearly erroneous. *Roosevelt Oil Co v Secretary of State,* 339 Mich 679 (1954).

The board's holding here has the effect of reading the word *Michigan* into MCLA 418.115; MSA 17.237(115), and into MCLA 418.151; MSA 17.237(151), before the word *employers.* A superficial reading of *Smith v Lawrence Baking Co,* 370 Mich 169 (1963), would seem to support such interpretation. In overruling *Wagner v LaSalle Foundry Co,* 345 Mich 185 (1956), the *Smith* Court said at page 178:

> "For the reasons stated by Justice TALBOT SMITH in his dissenting opinion in *Wagner v LaSalle Foundry Co, supra,* we conclude the majority opinion in *Wagner* was in error in reading into part 7, § 9, of the workmen's compensation act the words, 'provided, that such last employer was a Michigan employer.' *The act under consideration is a Michigan act. It deals with Michigan workmen and Michigan working conditions and Michigan problems. Clearly, the legislature did not have in mind employers outside the State over whom it would have no jurisdiction.*
>
> "The majority opinion in *Wagner v LaSalle Foundry Co, supra,* is hereby reversed, and part 7, § 9, of the workmen's compensation act is interpreted to read as the legislature intended—'The total compensation due shall be recoverable from the Michigan employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.' "[3] (Emphasis supplied.)

However, it is important to note that the *Smith* holding allowed the employee to recover from a Michigan employer. *Wagner* had prevented recov-

---

[3] The statute read:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted." MCLA 417.9; MSA 17.228.

ery from the Michigan employer and probably from the Ohio employer who last employed plaintiff in Ohio, because of a lack of Michigan jurisdiction over this Ohio employer. The *Smith* Court expressly adopted the reasoning of the dissent in *Wagner* which had emphasized recovery, the lack of jurisdiction over the Ohio employer, and the fact that the employee might well not be able to recover even in Ohio. The *Smith* Court therefore emphasized that this was a Michigan act and interpolated the word *Michigan* in order to grant recovery from an employer over which it had jurisdiction.

A court would have no problem obtaining jurisdiction over defendant in this case. The Michigan "long-arm" statute would be applicable. MCLA 600.715(1); MSA 27A.715(1). In *Sifers v Horen,* 385 Mich 195, 199 (1971), the Court construed MCLA 600.705(1); MSA 27A.705(1), an almost identical statute for jurisdiction over individuals. The Court said:

"The courts of those states having 'long-arm' statutes similar to that of Michigan which confer, specifically, limited personal jurisdiction over defendants based on 'the transaction of any business within the state,' have generally construed their statutes as extending the state's jurisdiction to the farthest limits permitted by due process.

\* \* \*

"The phrase 'transaction of any business' is construed as broader than 'doing business'.

\* \* \*

"It can scarcely be doubted that the negotiations in Michigan resulting in defendant's retainer come within the concept of the transaction of 'any' business." (Citations omitted.)

The Legislature has the power to extend the juris-

diction of the board as far as it has extended the jurisdiction of the courts. Defendant's active recruitment of plaintiff in Michigan, the actual signing of the contract here, and Michigan's interest in protecting its residents form sufficient basis for Michigan jurisdiction in this case. See *McGee v International Life Ins Co,* 355 US 220; 78 S Ct 199; 2 L Ed 2d 223 (1957); *Hill v Smith,* 337 F Supp 981 (WD Mich, 1972); *McGraw v Matthaei,* 340 F Supp 162 (ED Mich, 1972).

Therefore, we are not required by *Smith* to interpolate the word *Michigan* everywhere in the act. So long as our holding grants recovery against a defendant over which we have jurisdiction, *Smith* is not applicable.

The argument that we must interpolate the word *Michigan* before *employers* in MCLA 418.151; MSA 17.237(151), is appealing. Otherwise it would appear that the act applies to any employer anywhere. However, this definition of employer does not purport to control the issue of extraterritorial jurisdiction. Also the Legislature did not use the word *Michigan* in this section.

The board's holding also effectively requires that an employer employ three employees within Michigan—it is obvious that the defendant employs more than three employees. We find that MCLA 418.115; MSA 17.237(115) is, as plaintiff argues, a *de minimis* requirement—meant to exclude certain small employers. There is no reason to require that an employer employ three employees *in Michigan,* as the appeal board has done, in order to be subject to the act. We refuse to read an additional requirement into the act.

MCLA 418.845; MSA 17.237(845) is the statutory section which speaks to the issue in this case directly. It provides specifically for jurisdiction

over the subject matter here, as the board recognized, in cases where the plaintiff is a Michigan resident at the time of injury and where the contract of employment was signed in Michigan. *Wagner, supra,* overruled by *Smith, supra,* on other grounds, states at page 195:

"We do not disagree with the commission's finding that the legislature in enacting part 7, § 9, of the act, did not intend that such legislation should operate outside the territorial jurisdiction of this State. In part 3, § 19, of the workmen's compensation act (CL 1948, § 413.19 [Stat Ann 1950 Rev § 17.193]), the legislature limited the jurisdiction of the workmen's compensation commission by stating that said commission should have jurisdiction arising out of injuries suffered without the territorial limits of this State in those cases where the injured employee is a resident of this State at the time of injury and the contract of hire was made in this State. The plaintiff herein was not a resident of this State at the time of the injury and the contract of hire with the Ohio company was not made in this State."

There is no additional requirement limiting the operation of this section to Michigan employers. This is an extraterritorial provision which extends the jurisdiction of the act to injuries outside the State of Michigan. It would severely limit the scope of jurisdiction to restrict this provision to Michigan employers. Such a restriction would allow a nonresident employer to come into Michigan, hire a Michigan resident, transport him to another state, and then force him to remain in that state to collect workmen's compensation, if injured there. A worker under these circumstances should be able to return to his home and file for workmen's compensation, as plaintiff has done here. The Michigan act specifically allows him to do this. The employer has subjected himself to the Michigan Workmen's Compensation Act by enter-

ing into a contract with a Michigan resident in Michigan. We therefore find that the board's interpretation of the statute was clearly erroneous.

The California extraterritorial statute was almost identical to Michigan's. California courts abolished the requirement of residency, as did Michigan courts. See *Roberts v I X L Glass Corp,* 259 Mich 644 (1932). The California statutory language has been changed now to conform to the courts' holdings.[4] California interprets its statute to cover nonresident employers so long as the contract of employment was made in California. In *Buckner v Industrial Accident Commission,* 226 Cal App 2d 619, 623; 38 Cal Rptr 332, 334 (1964), California District Court of Appeals, Second District, plaintiff was a California resident. The injury occurred in Nevada. Defendant was a Nevada corporation, not doing business in California. The Court said:

"Petitioner's work and injury having been in Nevada, he is entitled to compensation under the California Act, and at the hands of the California Commission, only if his contract of employment was entered into here. (Lab. Code, § 5305.)"

Ignoring the issue of where the contract was made, the Court held that the California commission had jurisdiction over the accident within the confines of due process.

"On the record before us, it is undisputed that, whether or not Reynolds completed an employment contract with petitioner in California, it had aggres-

---

[4] § 3600.5

"(a) If an employee who has been hired or is regularly employed in the state receives personal injury by accident arising out of and in the course of such employment outside of this state, he, or his dependents, in the case of his death, shall be entitled to compensation according to the law of this state."

sively recruited California residents for employment in its Nevada operation. Petitioner was contacted here, he was offered employment here, it was from California that he went to take up his work for Reynolds. These contacts with California are sufficient, under the cases cited, to subject Reynolds to California proceedings based on, and growing out of, such solicitation. That the commission may subject Reynolds to its jurisdiction is clear." 226 Cal App 2d at 623–624; 38 Cal Rptr at 335.

*Pierce v Foley Bros, Inc,* 283 Minn 360; 168 NW2d 346 (1969), is also on point. Plaintiff sued in Minnesota to enforce an Oklahoma workmen's compensation judgment. The question before the Court was whether Oklahoma had jurisdiction over defendant. The plaintiff was an Oklahoma resident. He had entered the contract of employment by assenting to work for defendant over the phone, in Oklahoma. He was injured in Montana, where the job was to be performed, and where defendant was operating. Defendant had no other contacts with Oklahoma. The Minnesota Court held that the Oklahoma State Industrial Court had jurisdiction over defendant by virtue of the fact that the contract of employment was entered into in Oklahoma. The Court said:

"A reading of the two statutes demonstrates a similarity on two basic points, namely, that in order for either state to assert extraterritorial jurisdiction where an employee has been injured outside the territorial limits of either state, the contract of hire or employment must have been entered into within the state in question, and that there is no requirement whatsoever that an employer entering into such a contract have any contacts within the state asserting jurisdiction. The basic requirement is the location of the employment contract. Numerous states have today adopted almost identical statutes." 283 Minn at 371; 168 NW2d at 353.

The Court cites *Alaska Packers Association v In-*

*dustrial Accident Commission of California,* 294
US 532, 540–541; 55 S Ct 518, 521; 79 L Ed 1044,
1048–1049 (1934):

" 'But where the contract is entered into within the
state, even though it is to be performed elsewhere, its
terms, its obligation and its sanctions are subject, in
some measure, to the legislative control of the state.
The fact that the contract is to be performed elsewhere
does not of itself put these incidents beyond reach of
the power which a state may constitutionally exercise.

\* \* \*

" 'The California court has declared: "The contract
creates a relationship under the sanction of the law and
the same law attaches as an incident thereto an obliga-
tion to compensate for injuries sustained abroad
amounting to a sort of compulsory insurance." \* \* \*
Obviously the power of a state to effect legal conse-
quences is not limited to occurrences within the state if
it has control over the status which gives rise to those
consequences.' " (Citations omitted.) 283 Minn at 370;
168 NW2d at 352.

The Court goes on to state that the emphasis of
*Alaska Packers* was on the "situs of the employ-
ment contract and the protection of the contract-
ing employee".

The Court also speaks to the full faith and credit
issue:

"Of interest herein is the statement by this court that
the full faith and credit clause of the Constitution has
sufficient flexibility to permit an injured employee to
secure workmen's compensation benefits in one of sev-
eral forums including the state in which the injury
occurred, the state where the employment relation
exists by reason of localization of the employer's busi-
ness, and the state where the contract of employment
was made, since any of these states has a legitimate
governmental interest in the work injury to justify

application of its own law." 283 Minn at 371–372; 168 NW2d at 353.

We find that this statute means exactly what it says. It confers jurisdiction on the Michigan Bureau of Workmen's Compensation when the employee is a Michigan resident at the time of injury and the contract of employment was entered into in Michigan. The statute was passed specifically to cover out-of-state injuries. The question of whether defendant is a Michigan employer is irrelevant. This was a constitutionally valid extension of jurisdiction. The board did have jurisdiction to hear this claim.

Reversed and remanded for further proceedings. Costs to plaintiff.

All concurred.