John T. SMITH, Appellant-Plaintiff,

v.

ROCKWELL INTERNATIONAL
CORPORATION,
Appellee-Defendant.

Supreme Court of Tennessee.

June 4, 1979.

Richard H. Winningham, Chattanooga, for appellant-plaintiff.

Jeffrey L. Cleary, Chattanooga, for appellee-defendant.

## OPINION

HARBISON, Justice.

In this case the trial court dismissed an action brought under the Tennessee Workmen's Compensation Act, and the employee has appealed. We affirm the decision of the Chancellor.

Although the case involves an important legal question, it was disposed of entirely upon the allegations of an extremely brief complaint and a very short amendment thereto.

The complaint alleges that appellee, Rockwell International Corporation, operating through a wholly-owned division and subsidiary, Rockwell International, Collins Division, in Richardson, Texas, was the principal contractor on a project in New Mexico.

By amendment, the complaint alleged that the appellee does business in the State of Tennessee. At no point, however, is there any allegation that appellee is qualified or operating under the provisions of the Tennessee workmen's compensation law, nor is there any allegation that either of the parties had ever elected to comply with or bring themselves under that law.

The complaint alleges that in February 1978 appellant was hired by "defendant's subcontractor," a Georgia enterprise, and it alleges that the contract of employment between that subcontractor and appellant was entered into in Chattanooga, Tennessee.

Appellant alleges that he worked on the New Mexico project for Rockwell International Corporation until he was injured as a result of an accident on April 17, 1978. He alleges that he presented his claim to his immediate employer, which refused to pay workmen's compensation benefits. By amendment, it was alleged that appellant's immediate employer also does business in Tennessee but does not have the number of employees requisite for coverage under either the Tennessee or Georgia workmen's compensation law. The complaint as amended is silent as to whether or not appellant's immediate employer did or did not comply with the workmen's compensation law of New Mexico. Likewise it does not state whether appellee had insured its liability under the New Mexico workmen's compensation law as provided in New Mexico Statutes Annotated, § 52–1–4 (1978).

By amendment to the complaint, appellant's immediate employer was made an additional party defendant, but the suit was dismissed as to that employer for lack of coverage under T.C.A. § 50–902(a) since the employer did not have as many as five employees. Attached to that employer's motion to dismiss was an affidavit stating that appellant's contract of employment was not entered into in the State of Tennessee. No appeal has been taken from the dismissal of appellant's claim against his immediate employer, nor was the affidavit of that employer considered in connection with the motion to dismiss filed on behalf of appellee.

As the case comes before us, therefore, appellee's motion to dismiss must be construed as admitting for present purposes that appellant was employed by his immediate employer in the State of Tennessee. Appellant asserts that under provisions of the Tennessee Workmen's Compensation Act, T.C.A. § 50–915, appellee, as principal contractor, became a "statutory employer" of appellant, and he further insists that under T.C.A. § 50–917, since the contract of employment occurred in Tennessee, the

Tennessee workmen's compensation law has extraterritorial effect so as to enable appellant to proceed thereunder in this state.

We are unable to agree with either of these contentions under the very brief factual allegations contained in the record. For purposes of the motion to dismiss, it is conceded that Rockwell International Corporation was the principal contractor on a construction project in New Mexico. Presumably it insured its workmen's compensation liability in accordance with statutory requirements of that state, and it should have required that appellant's immediate employer do likewise, if he employed the requisite number of persons under New Mexico law.

As previously stated, there is no allegation whatever that either appellant or appellee had elected to be bound by or to accept the provisions of the Tennessee Workmen's Compensation Act, nor is any other contact between Tennessee and the appellee shown in the record, other than the fact that appellee is qualified to do business in this state and has an agent for service of process here.

There is abundant authority, of course, for extraterritorial application of the Tennessee Workmen's Compensation Act, when the contract of employment is made in this state. *See* T.C.A. § 50–917. This statute and the cases construing it were reviewed in some detail by this Court in the recent case of *Ray v. Aetna Casualty & Surety Co.*, 517 S.W.2d 194 (Tenn.1974). In that case the contract of employment was not entered into in Tennessee, nor was the work performed in the state. The only contact which the employee had with Tennessee was that he was a resident of the state. Under the circumstances this Court sustained a dismissal of his compensation claim brought in Tennessee, holding that the workmen's compensation law of Missouri was applicable.

■ In the present case there was never a contract of employment, as such, entered

into between appellant and appellee. Any liability which appellee may have to appellant, under the workmen's compensation law of this or any other state, must derive from and be dependent upon statutory provisions such as T.C.A. § 50–915, making principal contractors liable under certain circumstances to employees of subcontractors. Most of the states have statutes similar to that of Tennessee just cited, and a contractor held liable thereunder is frequently referred to as a "statutory employer." *See 1B Larson, Workmen's Compensation Laws*, § 49.11 (1978). Although appellant's complaint does not at any point state his place of residence, it may be inferred that he is a resident of Tennessee from a recital contained in the oath for poor persons which he executed in lieu of a cost bond. We therefore conclude that the contacts between appellant and Tennessee are that he is a resident of the state and that his immediate employer contracted in this state for appellant to perform work on the New Mexico project.

■ These factors, in our opinion, are insufficient to subject a nonresident principal contractor, whose only liability can be that of a "statutory employer," to the provisions of the Tennessee Workmen's Compensation Act, where that nonresident employer neither hired the claimant in Tennessee, had him perform any work in the state, nor had any other contact with the State, insofar as the record discloses. It seems to us that the principal contractor on a major construction site, such as we infer from the briefs was involved here, would necessarily insure its workmen's compensation liability in the state where the construction site or project was situated, and that it neither could nor should be expected to insure such liability under the laws of every state in which an employee of a subcontractor might happen to reside.

We have carefully examined the authorities cited by appellant, but we do not deem them controlling in the present case. Appellant relies principally upon *Rodwell v. Pro Football, Inc.*, 45 Mich.App. 408, 206 N.W.2d 773 (1973), in which a resident of Michigan was employed in that state to play professional football for a foreign corporation. It was contemplated that his services would be performed primarily outside of the state, and he was in fact injured at a training camp in Pennsylvania. The Michigan court held that the employer was subject to a workmen's compensation claim in Michigan, under the state's extraterritorial statutory provisions similar to T.C.A. § 50–917. In that case however, the employer had contracted directly with the employee, and was not in the status of a "statutory employer."

Appellant also cites and relies upon *International Paper Co. v. Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971), in which a resident of Arkansas was employed by a Texas company to work in the latter state. The employer did business in Arkansas, had a business office there, and contracted directly with the employee in Arkansas. Further, the employee's orders and directions for work as well as his paychecks emanated from the employer's headquarters in Arkansas.

We are of the opinion that the trial court correctly dismissed the present action because of an insufficient showing that the claim is subject to the workmen's compensation law of this state. The judgment of dismissal is affirmed at the cost of appellant.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.