■ In the Matter of the Claim of MARY MILTZ, Respondent, v. DoJAY KNITTING MILLS et al., Appellants, and MADERITE KNITTING MILLS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the last employer and its insurance carrier from a decision of the Workmen's Compensation Board denying appellants' claim for apportionment of liability among certain other prior employers of the claimant pursuant to section 44 of the Workmen's Compensation Law. Previously the board rendered a decision upholding a Referee's determination awarding claimant, who had been a machine operator in the garment industry, compensation benefits for a continuing partial disability resulting from allergic bronchial asthma, and this court affirmed without opinion (22 A D 2d 760, mot. for lv. to app. den. 15 N Y 2d 483). This award was made solely against appellant as the last employer; whereupon appellant brought the instant application for apportionment of the award, in accordance with section 44, among the several employers for whom claimant had worked in the 12 months period prior to disablement (see *Matter of Kilby* v. *Wilson Mem. Hosp.*, 278 App. Div. 273). The board denied the application on a finding that "claimant has a 40% causally related permanent partial disability as a result of her exposure at her last place of employment, the Do-Jay Knitting Mills, and that the occupational disease in the nature of an allergic bronchial asthma was contracted while she was employed therein" and the instant appeal ensued. Appellants, citing *Matter of Chersi* v. *Lulich Constr. Co.* (19 A D 2d 672) assert that they are entitled to an apportionment in that all of the medical experts who linked claimant's disease to her employment were of the opinion that claimant became sensitized during her employment at Connie Sue Sportwear, where she first experienced symptoms of asthma, that the subsequent employments aggravated the disease, and that the ensuing disability was due to all the employments. Of course, as noted, the board did not so find, but rather found that the disease was contracted in the course of the last employment, and in our opinion there is substantial evidence in the instant record to support this

finding. The aggravation of an underlying condition in the last employment may constitute the contraction of a disease as that term is used in section 40 of the Workmen's Compensation Law (*Matter of Darman* v. *National Mobile Tel. Serv.*, 30 A D 2d 1007; *Matter of McCann* v. *City of New York*, 27 A D 2d 618; *Matter of Cannon* v. *Terry Contr.*, 20 A D 2d 740; *Matter of Morrocco* v. *Mohican Stores*, 17 A D 2d 684, affd. 13 N Y 2d 1015; *Matter of Mayr* v. *Price*, 9 A D 2d 801; *Matter of Silverman* v. *Ralph Constr. Co.*, 5 A D 2d 710, mot. for lv. to app. den. 4 N Y 2d 676), and since sections 40 and 44 are clearly interrelated (*Matter of Kilby* v. *Wilson Mem. Hosp., supra*), we find no reason why in a proper case the same principle would not subsist under section 44. While such an approach might not be appropriate in a case of "the contraction of an occupational disease which carries with it permanent effects that are never shaken off and usually increase in severity" (*Matter of Silverman* v. *Ralph Constr. Co., supra*, p. 711; *Matter of Chersi* v. *Lulich Constr. Co., supra*), it clearly would be where each attack was a separate and independent episode (*Matter of Silverman* v. *Ralph Constr. Co., supra*). Here, Dr. Harkavy, the impartial expert, testified in effect that each period of employment in question caused a temporary period of aggravation followed, when employment was terminated, by a return to her preaggravation condition. Dr Paris, another allergist, testified that while it was not possible for him to state whether each exposure produced a permanent aggravation or whether claimant's condition reverted after the exposure was terminated to the *status quo*, "it is not possible to exclude such an exposure (i.e., the last employment) as a possible cause of the claimant's condition at this time." There is thus substantial medical testimony from which the board could find that the recurrence of claimant's condition while employed by the appellant was a separate episode triggered by the industrial aggravation of a pre-existing condition and therefore that claimant was disabled as the result of an occupational disease which was contracted in her last employment. Accordingly, since the last employer's right to apportionment is conditioned on a finding that the disease was contracted in a prior employment, the board properly denied the last employer's claim for reimbursement. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Reynolds, Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.