SCHENKEL *v.* TOWER BUILDERS COMPANY, INC.

1. Workmen's Compensation—Foreign Employee—Jurisdiction.

The workmen's compensation department of this State has juris-diction over a claim for workmen's compensation by a foreign employee who was injured here and accepted workmen's com-pensation benefits under an award in his home State, since employer was required to be subject to this State's workmen's compensation act and defendant insurer had filed a certificate in effect at time of the injuries reciting that the employer had been issued a policy covering all liability imposed by the Michi-gan statute for all his employees (CL 1948, § 411.2).

2. Same—Indiana Employer—Michigan Injury—Compensation in Both States.

Award of workmen's compensation in Michigan under statute providing all employers are subject to the act, to an employee of an Indiana corporation who sustained injuries in Michigan which left him a permanent paraplegic, after he obtained all benefits provided under Indiana law, with employer to receive credit for benefits paid under Indiana workmen's compensation act *held,* proper, since the full faith and credit clause of the United States Constitution does not bar action to obtain fur-ther workmen's compensation benefits under the Michigan act after receipt of benefits rendered under Indiana act which had been construed as exclusive in its application (US Const, art 4, § 1; CL 1948, § 411.2).

Appeal from Workmen's Compensation Appeal Board. Submitted January 9, 1968. (Calendar No. 3, Docket No. 51,587.) Decided April 1, 1968.

Application by Warren Schenkel against Tower Builders Company, Inc., an Indiana corporation, and St. Paul Mercury Insurance Co., for workmen's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 339.

compensation benefits because of injuries, leaving plaintiff a permanent paraplegic. The Indiana referee entered an award for plaintiff. Plaintiff applied for further compensation in Michigan. The referee entered an award for plaintiff. Defendant appealed. The Workmen's Compensation Appeal Board affirmed the referee. Defendant appeals. Affirmed.

*Running & Wise* (*Patrick J. Wilson,* of counsel), for plaintiff.

*Smith, Haughey & Rice,* for defendant.

PER CURIAM. The defendant employer, Tower Builders Company, Inc., was incorporated under the laws of Indiana. Its principal business was that of constructing and repairing radio towers and other high metal structures. In 1961–1962 plaintiff, a resident of Indiana, was one of Tower Builders' employees. He, with other Indiana employees of Tower Builders and certain Michigan-hired employees, was engaged in November of 1962 in erecting a radio tower at Interlochen. The partially constructed tower collapsed, leaving plaintiff a permanent paraplegic. It is unquestioned that the accident and resultant disability arose in the course and out of plaintiff's employment.

Plaintiff sought and obtained, pursuant to the workmen's compensation law of Indiana,* all benefits that law provided, including payment of hospital and medical expenses in the amount of $45,258.23. He applied then, under Michigan's workmen's compensation law, for further compensation and payment of continuing hospital and medical expenses. The referee awarded compensation for total disability and directed payment of additional past due

---

* See 8 Burns Indiana Stat § 40–1201 *et seq.*—REPORTER.

medical and hospital expenses. The appeal board affirmed, with modification to "provide all future medical and hospital benefits, as reasonable and necessary." The board stipulated specially "that defendant is to receive credit for weekly benefits heretofore paid under the Indiana workmen's compensation act."

The insurer applied to the Court of Appeals for leave to review. That Court denied the application August 1, 1966. The Federal question considered *infra* having been duly raised and saved, this Court granted, October 21, 1966, a subsequent application by the insurer for leave to appeal. 378 Mich 737.

The Federal question, stated by appellant:

"Does the full faith and credit clause of the United States Constitution* bar further action for workmen's compensation benefits under the workmen's compensation act of another State after a valid award of benefits has been rendered under an act so construed as to be exclusive in its application?"

A preliminary question calls for treatment. Appellant claimed below that the Michigan workmen's compensation department has no "jurisdiction over a workmen's compensation claim by a foreign employee employed under a foreign contract of employment who is injured in the State, after he has accepted workmen's compensation benefits under an award in his home State."

The contention is opposed directly by the compulsory feature of part 1, § 2 of our statute, as amended in 1943, which amendment was in force on the date of plaintiff's injury and disablement (CL 1948, § 411.2 [Stat Ann 1960 Rev § 17.142]). It is overcome also by the fact of timely filing with our department of the appellant insurer's required certificate of Michigan coverage. The certificate, filed

---

* US Const, art 4, § 1.—Reporter.

October 31, 1961, recites that Tower Builders Company, Inc., located in the Republican Building at Angola, Indiana, "has been issued a policy" (by appellant) "covering all the liability imposed upon that employer by the provisions of the Michigan workmen's compensation act for all his employees in any and all of his businesses." The coverage effected by that certificate remained in force, so far. as concerns compensable claims arising out of disablements occurring in Michigan, until March 11, 1963.

Our cited statute and the mentioned certificate considered, *Crider* v. *Zurich Insurance Co.* (1965), 380 US 39 (85 S Ct 769, 13 L ed 2d 641) and the immediate antecedents thereof (*Alaska Packers Association* v. *Industrial Accident Commission of California* [1935], 294 US 532 [55 S Ct 518, 79 L ed 1044]; *Pacific Employers Insurance Co.* v. *Industrial Accident Commission* [1939], 306 US 493 [59 S Ct 629, 83 L ed 940]; *Carroll* v. *Lanza* [1955], 349 US 408 [75 S Ct 804, 99 L ed 1183]) are dispositive of the stated Federal question. As *Crider* said of *Carroll* at 41 (85 S Ct 769, 13 L ed 2d 641, 643) (bracketing—for illustrative purposes—"Indiana" after "Missouri" and "Michigan" after "Arkansas"):

"Missouri [Indiana] can make her compensation act exclusive, if she chooses, and enforce it as she pleases within her borders. Once that policy is extended into other States, different considerations come into play. Arkansas [Michigan] can adopt Missouri's [Indiana's] policy if she likes. Or, as the *Pacific Employers Insurance Co. Case* teaches, she may supplement it or displace it with another, insofar as remedies for acts occurring within her boundaries are concerned. Were it otherwise, the State where the injury occurred would be powerless to provide any remedies or safeguards to nonresident employees working within its borders. We do not

think the full faith and credit clause demands that subserviency from the State of the injury."

The appeal board's award is affirmed. Costs to plaintiff-appellee.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.