## ADAMS *v.* EMERY TRANSPORTATION COMPANY

1. WORKMEN'S COMPENSATION—BENEFITS—AWARD IN ANOTHER STATE —EFFECT.

  The award of workmen's compensation benefits in another state where the compensation act is "exclusive" is not a bar to an application for benefits under the workmen's compensation act of this state.

2. SAME—BENEFITS—CALCULATION—OTHER BENEFITS—"EMPLOYER".

  Only benefits paid by the employer are to be considered in fixing compensation under the workmen's compensation act; therefore defendant employer was not entitled to credit for award in Illinois of benefits to be paid plaintiff by another company

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 492.
[2] 58 Am Jur, Workmen's Compensation §§ 340, 341.
[3] 58 Am Jur, Workmen's Compensation § 530.

for the same injury even though that company and defendant were under common ownership and were later merged (CL 1948, § 412.13).

3. SAME—APPEAL BOARD—FINDINGS OF FACT—REVIEW.

An appellate court may not override findings of fact made by the workmen's compensation appeal board when those findings are supported by proof; thus Court of Appeals must affirm appeal board decision awarding compensation where there was evidence that plaintiff was in defendant's employ at the time of sustaining compensable injury.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 October 11, 1968, at Grand Rapids. (Docket No. 3,041.) Decided January 30, 1969.

Joseph L. Adams filed his application for workmen's compensation benefits against the Emery Transportation Company and Midwest Transportation Company, now merged as Midwest Emery Freight System, Inc. The hearing referee denied compensation. Plaintiff appealed to the Workmen's Compensation Appeal Board. Compensation awarded against defendant Emery Transportation Company. Claim against Midwest Transportation Company denied and cause remanded to referee for determination of plaintiff's average weekly wage with Emery. Defendant Emery appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Cholette, Perkins & Buchanan (William J. Addison,* of counsel), for defendant Emery Transportation Company.

FITZGERALD, J. An unusual state of facts frequently can lead to an unusual result in the law,

or, as is more commonly paraphrased, "hard cases make bad law".[1] It is just such a hard case and bad law that we delineate in this appeal.

Basically, we are confronted with a situation where an injured employee has received approximately $7,000 compensation from his "employer" in the State of Illinois for an injury suffered in Grand Rapids, Michigan. He has now been awarded a recovery in the State of Michigan against a so-called "different" employer for the identical injury. The ingredients for this legal jumble are one claimant, one accident, but a double recovery due to the convoluted fact situation.

In 1948 or 1949, plaintiff began working as a long-distance truck driver for Midwest Transfer Company of Illinois. He also drove trucks on occasion for Emery Transportation Company, an Ohio corporation. The companies were commonly owned and managed, and ultimately merged in December of 1961 into Midwest Emery Freight System, Inc. Sometime in June of 1960, plaintiff injured his back while unloading a truck in Grand Rapids.

On February 17, 1961, plaintiff filed an application for workmen's compensation benefits with the Illinois Industrial Commission alleging an injury on June 8, 1960, while in the employ of Midwest. On June 28, 1961, he also filed an application for hearing and adjustment of claim with the Michigan Workmen's Compensation Department against both Midwest and Emery, alleging the injury occurred on June 1, 1960 (it is admitted by all concerned that plaintiff suffered only one injury).

On June 15, 1962, plaintiff settled his Illinois claim with Midwest for $7,000. The settlement agreement, approved by the Illinois Industrial Com-

---

[1] *Northern Securities Co.* v. *United States* (1904), 193 US 197 (24 S Ct 436, 48 L Ed 679).

mission, recited that it represented full payment
for the injury, that Illinois had exclusive jurisdic-
tion over the matter, and that plaintiff would dismiss
his Michigan proceedings. There is evidence to
suggest that Emery was not made a party to the
settlement agreement because on June 8, the day
plaintiff claimed in the Illinois proceeding to have
been injured, he was hauling freight for Midwest.

The Illinois agreement was not submitted to the
Michigan Workmen's Compensation Department for
approval, and plaintiff did not have his Michigan
claim dismissed. When hearing thereon was sched-
uled, defendants Midwest and Emery sought an
injunction against the department but were unsuc-
cessful. The referee found that the injury occurred
on June 1, while plaintiff was hauling freight for
Emery. Compensation was denied, however, on the
ground that any and all claims accruing as a result
of the injury had been settled in Illinois. Plaintiff
appealed to the appeal board.

The primary issues before the appeal board were
whether the Illinois settlement was a bar to pro-
ceedings in Michigan, and whether Emery was
entitled to credit for the $7,000 paid pursuant
thereto. In a 6–1 decision, the appeal board ruled
that Michigan was not barred from entertaining the
claim and denied credit for the settlement payment
made by Midwest. The claim against Midwest was
denied and the cause was remanded to the referee
to determine plaintiff's average weekly wage with
Emery. Defendant was granted leave to appeal the
granting of compensation though the order was
interlocutory due to the remand for wage deter-
mination.

The appeal board drew support for its opinion
from the rather limited holding in *Cline* v. *Byrne
Doors, Inc.,* (1949), 324 Mich 540 (8 ALR2d 617).

In *Cline,* the Court held that voluntary payment of medical expenses under Florida law did not bar an award in Michigan for weekly compensation growing out of the same accident. The decision placed particular emphasis on 2 elements not present here: 1) the Florida payments were not agreed to or adjudicated by the Florida Industrial Commission, and 2) the Florida payments were for medical expenses whereas the Michigan award was for weekly compensation, said to constitute a "different recovery".

The instant case is different in both respects. The Illinois settlement agreement was approved by the Illinois commission and thus became in the nature of an award rather than a voluntary payment. Second, both the Illinois agreement and the Michigan award covered both medical expenses and compensation benefits and therefore the "different recovery" distinction is absent here. Because of the emphasis placed on these 2 matters in *Cline,* it is limited authority for the decision of the appeal board in this case.

A case decided by our Supreme Court prior to hearings on the instant appeal furnished support for the board's ruling in relation to the problem of full faith and credit. *Schenkel* v. *Tower Builder's Company* (1968), 380 Mich 492, contained facts basically identical except for the double-employer peculiarity, holding that regardless of the fact that one has received benefits from another state where the compensation act is "exclusive", he nevertheless may receive additional benefits in a second state. Thus, *Schenkel* controls the question of bar on plaintiff's second claim and removes any impediment thereto.

The issue of whether Michigan must grant credits for amounts previously paid under the laws of another state is still open to question. In *Schenkel,*

the appeal board granted credit for the Indiana payments and the Supreme Court on appeal did not disturb this finding. Absent, however, is the "double employer" identity issue of the instant appeal.

The majority in *Cline* v. *Byrne Doors, Inc., supra,* expressly refused to rule on the question. In the face of the partial concurrence of BUTZEL, J., quoting extensive authority requiring that credit be given, the majority suggested that the answer is to be found in our own act rather than in decisions from other jurisdictions (324 Mich 540, 554).

While recognizing that its decision would result in "a pure windfall" to plaintiff, the appeal board held that CL 1948, § 412.13 (Stat Ann 1968 Rev § 17.163), prevented it from giving Emery credit for Midwest's settlement payment because it states, in part, "nor shall benefits derived from any other source than those paid or caused to be paid *by the employer* as herein provided, be considered in fixing the compensation under this act  *  *  *  ." (Emphasis the appeal board's.) It is submitted that the singular use of the word "employer" puts a greater burden on the common-sense rules of statutory construction than they should have to bear. But that is the thrust of the statute, like it or not.

We are here, then, confronted with the concept, which so unmercifully derogates the judicial fact-finding process, proclaiming that no appellate court may rightfully override findings of fact made by the appeal board when those findings are supported by proof. See *Johnson* v. *Vibradamp Corporation* (1968), 381 Mich 388.

The finding of employment by Emery is made by the appeal board and is supported by proof. That such a result is not palatable is borne out by the board's words;

"Since the evidence establishes plaintiff's injury and disability were chargeable to Emery, and benefits under the Michigan act derive therefrom, we cannot see, even with the present effect given the full faith and credit clause, how we can credit Emery with the Midwest settlement, much as we might wish to."

At this point, it might be well to reiterate the words spoken by our Supreme Court in November, 1968, in *Johnson, supra* (p 390):

" 'The sole question on review by the Court of Appeals, and in turn here, is "whether there is any evidence to support the award." *Meyers* v. *Michigan Central R. Co.,* (1917), 199 Mich 134, 137, 138; *Thornton* v. *Luria Dumes Co-Venture* (1956), 347 Mich 160, 162; *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461, 467. "Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof." (*Thornton* at 162).' " (Quoting from *Mitchell* v. *Metal Assemblies, Inc.* [1967], 379 Mich 368, 370.)

Improbable it may be, but decisive it is. Defendant makes numerous ingenious arguments for escaping the noose, but all the estoppel and full faith and credit can't put Humpty Dumpty together again.

The clincher is perhaps the final paragraph of the opinion of the appeal board:

"A second order shall enter finding no injury sustained while employed by Midwest on June 8, 1960."

Improbability? Yes. Hard law? Yes. But we cannot, as suggested in *Johnson, supra,* find that the award is unfounded as a matter of law. Accordingly, the appeal board is affirmed and the cause

remanded for wage determination as ordered by the board. Costs to appellee.

LESINSKI, C. J., and TEMPLIN, J., concurred.