WALLACE v CONSOLIDATED FREIGHTWAYS

Docket No. 142632. Submitted November 18, 1992, at Lansing. Decided April 5, 1993, at 9:55 A.M. Leave to appeal sought.

Herbert E. Wallace sought workers' compensation benefits for injuries received in Michigan in the course of his employment with Consolidated Freightways. The plaintiff is an Indiana resident who was hired in Indiana by Consolidated, an out-of-state company. The Workers' Compensation Appeal Board affirmed a hearing referee's denial of the claim, finding no jurisdiction to consider it. The plaintiff appealed.

The Court of Appeals *held:*

The Bureau of Workers' Disability Compensation has jurisdiction, pursuant to MCL 418.111; MSA 17.237(111), of a disability claim filed by a nonresident who was injured while working in Michigan. A finding that jurisdiction exists is also supported by the fact that the employer obtained permission from the bureau to act as a self-insurer. The fact that § 161(1)(b) of the Workers' Disability Compensation Act, MCL 418.161(1)(b); MSA 17.237(161)(1)(b), requires that the employer-employee relationship must be contractual does not support the defendant's argument that the employment contract must be entered into in Michigan.

Reversed.

1. WORKERS' COMPENSATION — BUREAU OF WORKERS' DISABILITY COMPENSATION — JURISDICTION — NONRESIDENTS.

The Bureau of Workers' Disability Compensation has jurisdiction of disability claims filed by nonresidents injured while working in Michigan (MCL 418.111; MSA 17.237[111]).

2. WORKERS' COMPENSATION — EMPLOYEES — FOREIGN EMPLOYMENT CONTRACTS.

An employment contract entered into in a foreign state may support a finding that an employer-employee relationship exists in Michigan for workers' compensation purposes (MCL 418.111, 418.161[1][b]; MSA 17.237[111], 17.237[161][1][b]).

REFERENCES

Am Jur 2d, Workers' Compensation §§ 36, 37.

See ALR Index under Jurisdiction; Workers' Compensation.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Ann Curry Thompson*), for the plaintiff.

*Damm & Tauscher, P.C.* (by *Michael J. Tauscher* and *Randy G. Martinuzzi*), for the defendant.

Before: TAYLOR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. This appeal involves the jurisdiction of the Michigan Bureau of Workers' Disability Compensation. The question is whether the Bureau has jurisdiction pursuant to Michigan's Workers' Disability Compensation Act over a disability claim filed by a nonresident who was injured while working in Michigan. MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* The appeal is from a Workers' Compensation Appeal Board (WCAB) order which held that the WCAB was without jurisdiction to consider plaintiff's petition for disability benefits. Plaintiff argues that the WCAB erred as a matter of law in finding no Michigan jurisdiction. We agree and reverse.

I

Defendant, an out-of-state company, is a common carrier of freight with terminals and customers in many Michigan cities. Plaintiff is an Indiana resident hired in Indiana by defendant as a truck driver. Plaintiff was injured while working for defendant in Lansing, Michigan on May 31, 1984 and in Flint, Michigan on May 1, 1985. His injuries arose out of and in the course of his employment.

The State of Indiana paid plaintiff weekly dis-

ability benefits from May 31, 1984 until he re-
turned to work on June 12, 1984. After his injury
in 1985, he again received weekly benefits, until he
was classified as having a permanent-partial dis-
ability under Indiana's workers' compensation law.
The classification terminated his right to contin-
ued weekly and medical care benefits but entitled
him to a lump sum payment.

Plaintiff then filed a petition in Michigan claim-
ing benefits under the Workers' Disability Com-
pensation Act (WDCA) for the same injuries. A
magistrate denied the claim, finding no statutory
basis for jurisdiction. The WCAB affirmed.

II

Defendant argues that there is no basis in the
WDCA to provide Michigan with jurisdiction over
disability claims filed by nonresidents injured
within the state. MCL 418.101 *et seq.*; MSA
17.237(101) *et seq.* It asserts that the Michigan
Legislature did not intend that nonresidents be
eligible for disability benefits. Plaintiff argues that
Michigan has jurisdiction due to the broad juris-
dictional grant over employees and employers
which the WDCA provides. MCL 418.111; MSA
17.237(111).

Section 111 of the WDCA states:

> Every employer, public and private, and every
> employee, unless herein otherwise specifically pro-
> vided, shall be subject to the provisions of this act
> and shall be bound thereby. [MCL 418.111; MSA
> 17.237(111).]

The Michigan Supreme Court, after interpreting

the predecessor to § 111,[1] has upheld a disability award to a nonresident injured in Michigan. *Schenkel v Tower Builders Co, Inc,* 380 Mich 492; 157 NW2d 204 (1968). In *Schenkel,* the employer was incorporated in Indiana, and the employee was an Indiana resident. The plaintiff was injured in Michigan when a tower he was helping to construct collapsed. The plaintiff obtained disability benefits under Indiana's workers' compensation law. He sought additional disability benefits from Michigan.

The issue before the Michigan Supreme Court was whether the full faith and credit clause barred the plaintiff from recovery in Michigan. However, before reaching this issue, the Court stated:

> A preliminary question calls for treatment. Appellant claimed below that the Michigan workmen's compensation department has no "jurisdiction over a workmen's compensation claim by a foreign employee employed under a foreign contract of employment who is injured in the State, after he has accepted workmen's compensation benefits under an award in his home State."
>
> The contention is opposed directly by the compulsory feature of part 1, § 2 of our statute, as amended in 1943, which amendment was in force on the date of plaintiff's injury and disablement (CL 1948, § 411.2 [Stat Ann 1960 Rev § 17.142]). It

---

[1] That section provided:

> On and after the effective date of this section, every employer, public and private, and every employee, unless herein otherwise specifically provided, shall be subject to the provisions of this act and shall be bound thereby. The commission may in its discretion destroy any record, file or paper pertaining to workmen's compensation where, or whenever, 20 or more years have elapsed since the date of the injury to which the record, file or paper refers.

> This act shall be known and may be cited as "The workmen's compensation act." [1948 CL 411.2.]

is overcome also by the fact of timely filing with our department of the appellant insurer's required certificate of Michigan coverage. The certificate, filed October 31, 1961, recites that Tower Builders Company, Inc., located in the Republican Building at Angola, Indiana, "has been issued a policy" (by appellant) "covering all the liability imposed upon that employer by the provisions of the Michigan workmen's compensation act for all his employees in any and all of his businesses." The coverage effected by that certificate remained in force, so far as concerns compensable claims arising out of disablements occurring in Michigan, until March 11, 1963. [*Id.*, 494-495.]

Defendant argues that the jurisdictional analysis in *Schenkel* is dictum. It asserts, also, that the facts are distinguishable, because the plaintiff in *Schenkel* was a temporary resident, and the employer accepted jurisdiction by filing a certificate of Michigan insurance coverage. However, the fact that the plaintiff in *Schenkel* may have been a temporary resident played no role in the Supreme Court's decision to uphold Michigan's jurisdiction. Moreover, that the employer in *Schenkel* filed a certificate of insurance in Michigan does not alone provide a basis for Michigan to exercise jurisdiction.

Unlike the defendant in *Schenkel,* the defendant in this case is self-insured. Therefore, it was required to receive approval to act as a self-insured from the director of the Michigan Bureau of Workers' Disability Compensation. MCL 418.611(1)(a); MSA 17.237(611)(1)(a). We decline to distinguish between an employer obtaining bureau approval to act as a self-insured and an employer obtaining a certificate of Michigan insurance coverage. The jurisdictional grant provided in § 111 of the WDCA does not hinge on whether the employer is insured in Michigan.

The jurisdictional analysis in *Schenkel* was not dictum. Had the Supreme Court found that the workers' compensation department lacked jurisdiction over a nonresident's disability claim, it would never have reached the full faith and credit clause question. Since *Schenkel* cannot be distinguished from this case on jurisdictional grounds, we find that *Schenkel* controls the result here.

### III

Even if *Schenkel* were distinguishable, we would hold that Michigan has jurisdiction under the facts of this case based on the broad grant of jurisdictional power authorized in § 111. MCL 418.111; MSA 17.237(111). We are not persuaded by defendant's arguments that the Legislature had no intention of allowing nonresidents to recover Michigan disability benefits under the WDCA.

Defendant cites the preamble of the WDCA in support of its argument. The preamble expressly provides that it was the intent of the Legislature "to promote the welfare of the people of this State." Defendant has not convinced us that prohibiting Michigan from exercising jurisdiction over disability claims filed by nonresidents injured within the state would promote the welfare of this state. Further, the current preamble of the WDCA does not contain the "promote the welfare" language.

### IV

Courts may depart from a literal reading of a statutory provision when it would lead to absurd and unjust results patently inconsistent with policies promoted by the statute. See *Salas v Clements*, 399 Mich 103, 109; 247 NW2d 889 (1976). A

literal reading of § 111 would allow coverage to nonresidents injured within the state. Defendant argues that the literal reading would be inconsistent with the statutory definition of an employee as a person "under any contract of hire." MCL 418.161(1)(b); MSA 17.237(161)(1)(b).

We find no inconsistency. It does not follow from the fact that the employer-employee relationship must be contractual that the contract must be entered into in Michigan. Nothing in the act supports defendant's argument that the employee's contract must be a Michigan contract.

## V

Defendant argues also that the Legislature's intent in amending the WDCA in 1980 and 1981 was to limit the scope of the act by reducing the cost of workers' compensation liability insurance. Consequently, it asserts that the Legislature could not have intended to provide coverage to nonresidents.

The 1980 and 1981 amendments did not limit the jurisdictional reach of the act. In fact, § 846, which was added in 1982, provides a credit to Michigan if an injured employee receives disability compensation from another state. MCL 418.846; MSA 17.237(846). It does not distinguish between Michigan employees injured outside the state and nonresident employees injured within it. The Legislature could have made the distinction had that been its intent.

## VI

Defendant asserts that, in the WDCA, benefit levels and premiums are calculated by examining an employee's Michigan wages. In addition, the

Michigan Employment Security Commission is charged with calculating the state's average weekly wage. From this, defendant concludes that the Legislature must have intended to limit the act to Michigan workers. We disagree. The method of making calculations is independent from the question of whether the state has jurisdiction over filed disability claims.

## VII

Finally, defendant urges that granting jurisdiction under the facts of this case would violate the conflicts of law doctrine. Whether Michigan can exercise jurisdiction pursuant to the WDCA depends upon an analysis of the scope of the act, not upon whether Indiana or Michigan law applies.

We conclude that, pursuant to the WDCA, Michigan has jurisdiction over disability claims filed by nonresidents injured within the state.

Reversed.