VIELE v DCMA INTERNATIONAL, INC (ON REMAND)

Docket No. 176695. Submitted March 21, 1995, at Detroit. Decided
June 13, 1995, at 9:00 A.M. Leave to appeal sought.

Robert E. Viele, an employee of DCMA International, Inc., sought
worker's compensation benefits after sustaining injury while
dismantling a crane owned by Southwest Marine, Inc., and
located on a lot owned by Great lakes Steel Division, National
Steel Corporation. The crane had been sold by Great Lakes
Steel to TEM Equipment Corporation, which in turn had sold it
to Southwest Marine. Southwest Marine had hired DCMA to
dismantle the crane. A hearing referee at the Bureau of Work-
er's Disability Compensation awarded benefits payable by DCMA
and Southwest Marine, rejecting the plaintiff's contention that
Great Lakes Steel, like Southwest Marine, could be deemed to
have been his employer pursuant to the Worker's Disability
Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et
seq.* The Worker's Compensation Appeal Board reversed the
award against Southwest Marine. The Court of Appeals,
WAHLS, P.J., and J. H. GILLIS and C. W. SIMON, JR., JJ., re-
manded the case to the worker's compensation bureau for a
determination whether Southwest Marine and Great Lakes
Steel could be considered Viele's employers pursuant to the
worker's compensation act. 167 Mich App 571 (1988). A hearing
referee and the Worker's Compensation Appellate Commission
decided that Southwest Marine and Great Lakes Steel had not
been Viele's statutory employers. The Court of Appeals denied
Viele leave to appeal. The Supreme Court, in lieu of granting
leave, remanded the case to the Court of Appeals for considera-
tion as on leave granted. 445 Mich 928 (1994).

On remand, the Court of Appeals *held:*

1. Great Lakes Steel cannot be deemed Viele's employer
pursuant to MCL 418.171(1); MSA 17.237(171)(1) because Great
Lakes Steel and DCMA did not have a principal-contractor
relationship.

2. Southwest Marine can be deemed Viele's employer pursu-
ant to § 171(1) in light of the contract between Southwest
Marine as principal and DCMA as contractor. Southwest Marine
is subject to the worker's compensation act even though it was
a California Corporation that had no employees in Michigan.

MCL 418.115(a); MSA 17.237(115)(a), in providing that private nonagricultural employers with three or more employees are subject to the act, does not require that those employees be in Michigan. MCL 418.111; MSA 17.237(111) subjects every employer to the act unless specifically provided otherwise, and there is no exclusionary provision that applies to Southwest Marine. DCMA was subject to the act under MCL 418.151(b); MSA 17.237(151)(b) because it had Viele in service under a contract of hire. Southwest Marine became a statutory employer under § 171 when DCMA defaulted on its worker's compensation obligation.

` Reversed and remanded for an award of benefits payable by Southwest Marine.

*Marshall Lasser,* for Robert E. Viele.

*LeVasseur, Leslie & Johnson* (by *Denice M. LeVassuer*), for Southwest Marine, Inc.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Great Lakes Steel Division, National Steel Corporation.

Amici Curiae:

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Theodore Sachs* and *Granner S. Ries*), for Michigan State AFL-CIO and Michigan State Building and Construction Trades Council.

### ON REMAND

Before: CONNOR, P.J., and WAHLS and HOEKSTRA, JJ.

PER CURIAM. Plaintiff appeals a November 18, 1992, opinion and order of the Worker's Compensation Appellate Commission, which affirmed a magistrate's denial of disability compensation benefits.

We denied leave to appeal in *Viele v DCMA*

*Int'l, Inc,* Docket No. 159383, but the Supreme Court remanded the case for consideration as on leave granted. 445 Mich 928 (1994). We affirm with respect to defendant Great Lakes Steel Division and reverse with respect to defendant Southwest Marine, Inc.

The facts and background of the case are set out in the opinion in a prior appeal, *Viele v DCMA,* 167 Mich App 571; 423 NW2d 270 (1988).

Briefly, the facts are that plaintiff claimed disability compensation benefits after his left hand was smashed by a falling steel shim plate when plaintiff was helping to dismantle a crane as an employee of DCMA International, Inc., a California corporation. The crane was on Great Lakes Steel's Ecorse, Michigan, lot. Great Lakes Steel sold the crane to TEM Equipment Corporation, which, in turn, sold it to Southwest Marine, Inc. Those companies were also California corporations. Neither of those companies had employees in Michigan, and none of the California corporations had worker's disability compensation coverage here. Southwest Marine, in turn, hired DCMA to dismantle the crane and ship it to Southwest Marine's headquarters in San Diego, California.

In the original proceeding, plaintiff was awarded compensation benefits payable by DCMA only, which later became bankrupt. In a concurrent proceeding, plaintiff sought to impose liability on the remaining defendants as principals or statutory employers pursuant to MCL 418.171; MSA 17.237(171). That proceeding resulted in an award against Southwest Marine, which the Worker's Compensation Appeal Board reversed on procedural grounds and which we described and reversed in the prior appeal, *Viele v DCMA, supra.* We remanded the case to the appeal board's successor, the Worker's Compensation Appellate Com-

mission, for a hearing regarding whether defendants constituted statutory employers.

On remand, both the magistrate and the appellate commission held that neither Great Lakes Steel nor Southwest Marine was a statutory employer pursuant to MCL 418.171(1); MSA 17.237(171)(1). Great Lakes Steel was exonerated because, as seller of the crane, it had neither contracted with DCMA nor given it permission to do Great Lakes Steel's work under a subcontract. Southwest Marine was relieved of liability because it was not an employer "subject to the provisions of this act," because it did not employ at least three workers in Michigan, allegedly as required by § 115(a) of the act, MCL 418.115(a); MSA 17.237(115)(a).

I

Plaintiff argues first that he carried his burden of proof that Great Lakes Steel was a principal under § 171(1). The statute provides in pertinent part:

> If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of injury or death for which the claim is made for the execution by or under the contractor for the whole or part of any work undertaken by the principal, the principal shall be liable . . . . A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract. [MCL 418.171(1); MSA 17.237(171)(1).]

In order to establish liability as a statutory principal, there must be a contract between a principal who is covered by the Worker's Disability Compensation Act and a contractor who is not covered by the act, and the claimant's injury must occur during execution under the contract of work that was undertaken by the principal. *Williams v Lang (After Remand),* 415 Mich 179, 194; 327 NW2d 240 (1982).

Great Lakes Steel does not meet any of the criteria of that statute. It did not contract with DCMA to dismantle the crane. That contract was between Southwest Marine and DCMA. Similarly, DCMA, and not Great Lakes Steel, did the "whole . . . of any work undertaken by the principal," namely, dismantling the crane.

II

Plaintiff argues that he proved that Great Lakes Steel gave DCMA permission to dismantle the crane and for that reason Great Lakes is a principal under § 171(1).

We disagree. Subsection 171(1) presupposes a contract between the principal and the contractor. *Williams v Lang, supra.* There was no contract between Great Lakes Steel and DCMA. Further, the "permission" provision contemplates a contractor-subcontractor relationship, but there was none between them. Finally, Great Lakes Steel did not give permission that any work be performed under subcontract. The "permission" it gave was merely a license for DCMA employees to enter its premises to disassemble and remove the crane without giving the company any permanent interest in the land. *United Coin Meter Co v Gibson,* 109 Mich

App 652, 655; 311 NW2d 442 (1981). Great Lakes Steel was three steps removed from the employment in which plaintiff was injured. Great Lakes Steel sold the crane to TEM Equipment, which then sold it to Southwest Marine, which then hired DCMA, which hired plaintiff, and only then did the employer-employee relationship arise.

### III

We agree with plaintiff that the appellate commission, with respect to Southwest Marine, misconstrued § 171 in a number of respects in the following passage from its opinion:

> Southwest did not "undertake" with DCMA to perform any aspect of the crane disassembly and removal and Southwest did not provide any support services to DCMA to accomplish this task. Similarly, the record does not establish that Southwest at any time gave "permission" that DCMA either perform the work itself or subcontract.

All of those statements are incorrect. Southwest Marine did undertake to remove the crane and contracted with DCMA to do so. Further, it was not necessary that Southwest Marine supply support services to DCMA to accomplish that task. A statutory employer need not supply support services. That's what Gulf Oil Company did in *Williams v Lang, supra,* but support services are not a requirement for liability under § 171 or *Williams v Lang.* Finally, since Southwest Marine was a principal and not a contractor, the "permission" clause of § 171(1) is inapplicable. Because Southwest Marine was the principal and because DCMA was its contractor, this is not a situation where the "principal [gave] permission that the work or any part

thereof be performed under subcontract." There was no subcontract or subcontractor involved.

IV

Plaintiff contends that Southwest Marine is a principal despite the fact that it does not have three or more employees in Michigan, allegedly as required by § 115(a) of the act, MCL 418.115(a); MSA 17.237(115)(a).

We agree with plaintiff. We begin this analysis by noting the confusion arising from the fact that the act contains three separate provisions that impose liability on "employers" with different degrees of specificity in defining that word.

Section 111 provides:

Every employer, public and private, and every employee, unless herein otherwise specifically provided, shall be subject to the provisions of this act and shall be bound thereby. [MCL 418.111; MSA 17.237(111).]

The definition of "employers" in § 115 includes:

All private employers, other than agricultural employers, who regularly employ 3 or more employees at 1 time. [MCL 418.115(a); MSA 17.237(115)(a).]

Section 151(1)(b), in providing who are subject to the act as employers, states:

Every person, firm, and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written, unless those employees excluded according to the provisions of section 161(4) comprise all of the employees of the

person, firm, or corporation. [MCL 418.151(b); MSA 17.237(151)(b).]

A plain reading of § 115 gives no support to the bureau's ruling that Southwest Marine is not subject to the act because it does not employ three or more employees in Michigan. When the language of a statute is clear, the Legislature intended the meaning it expressed and the statute must be enforced as written. *Gebhardt v O'Rourke,* 444 Mich 535, 542; 510 NW2d 900 (1994). The plain language of § 115 makes the act applicable to all employers who have three or more regular employees. There is no requirement in the statute that they be employed in Michigan. To make that a requirement reads into the statute a condition that simply is not there.

In *Rodwell v Pro Football, Inc,* 45 Mich App 408; 206 NW2d 773 (1973), this Court held that the defendant, an out-of-state employer, was subject to the jurisdiction of the Michigan worker's compensation act under § 845 even though the employer had no employees in Michigan. *Rodwell* held that § 115 does not require an employer to have three or more employees in Michigan in order to be subject to the jurisdiction of the bureau. There is no reason to apply § 115 to a claim under § 845 but not to a claim under § 171(1). If we can reach an employer under § 845, we are able to reach Southwest Marine under § 171. The act is intended to cover work done here. A Michigan resident injured here ought to get Michigan worker's compensation benefits. Plaintiff's case is even a stronger one for finding liability. Mr. Rodwell was injured outside Michigan, but plaintiff was injured in Michigan on a Michigan dismantling project that Southwest Marine undertook.

Southwest Marine is also subject to the act pursuant to § 111. Section 111 defines an employer subject to the act as "*every* employer," unless otherwise specifically provided. There is no provision in the act that excludes Southwest Marine. Section 111 does not provide that only Michigan employers are subject to the act and it does not require that the employer have three or more employees in Michigan.

The "contract of hire" requirement of § 151 is implied by law. DCMA had a contract of hire with plaintiff and was therefore a covered employer under that subsection. When DCMA failed to secure payment of compensation under the act, liability shifted to its principal, Southwest Marine, by operation of law under § 171. Plaintiff thus had a contract of hire with Southwest Marine.

As an employer subject to the act, Southwest Marine became a statutory employer under § 171 when it contracted with DCMA to remove the crane owned by Southwest Marine and located in Michigan and DCMA defaulted in its worker's compensation coverage. The contract called for the contractor to do the "whole or any part of the work undertaken by the principal," namely, to remove the crane. It is immaterial that crane removal is not the usual or normal business of Southwest Marine; it is sufficient that it was "*any* work undertaken by" it. *Williams v Lang, supra* at 182.

In light of the resolution that we have reached, it is unnecessary to decide the last two issues plaintiff raises regarding the right of construction workers to obtain coverage under § 171 and Southwest Marine's alleged default in earlier proceedings in this case.

The decision of the appellate commission is af-

firmed in part and reversed in part. The case is remanded to the commission for entry of an appropriate award of disability compensation and medical benefits payable by Southwest Marine.