ALFORD v POLLUTION CONTROL INDUSTRIES OF AMERICA

Docket No. 187522. Submitted December 5, 1996, at Detroit. Decided April 11, 1997, at 9:15 A.M.

John W. Alford, an Indiana resident employed in that state by Pollution Control Industries of America, filed with the Bureau of Worker's Disability Compensation a claim for benefits for a back injury sustained in Detroit, Michigan, during one of the plaintiff's frequent, work-related trips to Michigan and for which injury he received worker's compensation benefits under Indiana law. A magistrate dismissed the claim for lack of jurisdiction. The Worker's Compensation Appellate Commission dismissed an appeal by the plaintiff for failure to timely file a transcript. The Court of Appeals peremptorily reversed and reinstated the appeal. The appellate commission affirmed the magistrate's dismissal based on lack of jurisdiction. The plaintiff appealed by leave granted.

The Court of Appeals held:

The Worker's Disability Compensation Act, MCL 418.101 et seq.; MSA 17.237(101) et seq., applies to a worker's injury in Michigan as long as the employer meets a definition of "employer" contained in the act. Here, it is asserted that the defendant is an employer under § 115 of the act, MCL 418.115; MSA 17.237(115), which defines "employer" as one who employs at least three individuals at any one time. The defendant's contention that the plaintiff has failed to come forward with any evidence that the defendant in fact employed at least three people at any one time amounts to an affirmative defense for which the defendant bears the burden.

Reversed and remanded for further proceedings before the magistrate.

WORKER'S COMPENSATION — OUT-OF-STATE EMPLOYERS.

An out-of-state employer is subject to the Worker's Disability Compensation Act with respect to an injury sustained in Michigan by its employee as long as the employer meets a definition of "employer" contained in the act (MCL 418.101 et seq.; MSA 17.237[101] et seq.).

*Robb, Messing, Palmer & Dignan, P.C.* (by *Charles W. Palmer*), for the plaintiff.

*Bernard S. Edelson,* for the defendant.

Before: JANSEN, P.J., and SAAD and M. D. SCHWARTZ* , JJ.

JANSEN, P.J. Plaintiff appeals by leave granted from a November 9, 1995, order of the Worker's Compensation Appellate Commission (WCAC), which dismissed his claim for disability compensation benefits for lack of jurisdiction. We reverse.

I

Plaintiff is an Indiana resident. He was employed by defendant in Indiana. Plaintiff alleges that he was frequently required to drive to Michigan to transport hazardous waste here. On February 15, 1991, he injured his back while moving a barrel of waste in Detroit, Michigan. Plaintiff collected worker's compensation benefits under the laws of Indiana.

On August 15, 1991, plaintiff applied for Michigan worker's compensation benefits. The question of jurisdiction was submitted to the magistrate on briefs. In an opinion and order mailed March 11, 1993, the magistrate agreed with defendant that plaintiff's claim must be dismissed for lack of jurisdiction.

On appeal, the WCAC dismissed plaintiff's appeal for failure to file a transcript on time. Plaintiff applied for leave to appeal, and this Court peremptorily reversed and reinstated the appeal "in the interest of justice and in light of *Wallace v Consolidated Freightways,* 199 Mich App 141; 500 NW2d 752 (1993)."

On remand, the WCAC affirmed the magistrate's dismissal for lack of jurisdiction. The WCAC found that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the decisions upon which plaintiff relied were distinguishable. In *Schenkel v Tower Builders Co, Inc*, 380 Mich 492; 157 NW2d 204 (1968), the employer was incorporated in Indiana and the employee was an Indiana resident injured in Michigan, just as in the present case. Although the issue before the Michigan Supreme Court was whether the Full Faith and Credit Clause barred the plaintiff from recovery in Michigan, the Supreme Court first addressed the question of jurisdiction:

> A preliminary question calls for treatment. Appellant claimed below that the Michigan workmen's compensation department has no "jurisdiction over a workmen's compensation claim by a foreign employee employed under a foreign contract of employment who is injured in the State, after he has accepted workmen's compensation benefits under an award in his home State."
>
> The contention is opposed directly by the compulsory feature of part 1, § 2 of our statute, as amended in 1943, which amendment was in force on the date of plaintiff's injury and disablement (CL 1948, § 411.2 [Stat Ann 1960 Rev § 17.142]). It is overcome also by the fact of timely filing with our department of the appellant insurer's required certificate of Michigan coverage. . . . The coverage effected by that certificate remained in force, so far as concerns compensable claims arising out of disablements occurring in Michigan, until March 11, 1963. [*Id.*, pp 494-495.]

In *Wallace*, this Court noted that the defendant in that case was self-insured and was required to receive approval to act as self-insured from the director of the Michigan Bureau of Worker's Disability Compensation. This Court declined "to distinguish between an employer obtaining bureau approval to act as a self-insured, and an employer obtaining a certificate of Michigan insurance coverage." *Id.*, p 145. Because

defendant in the instant case neither was self-insured nor had obtained worker's disability compensation insurance coverage for Michigan, the WCAC held that neither *Schenkel* nor *Wallace* supported plaintiff's claim that defendant was subject to the jurisdiction of Michigan's worker's compensation system.

Plaintiff applied for leave to appeal. This Court granted leave and instructed the parties to brief the applicability of the recent decision in *Viele v DCMA Int'l, Inc (On Remand)*, 211 Mich App 458; 536 NW2d 276 (1995).

II

In *Viele*, the plaintiff was injured while helping to dismantle a crane as an employee of DCMA, a California corporation. The crane was on the property of Great Lakes Steel, which had sold the crane to TEM Equipment, which in turn had sold it to Southwest Marine, both of which were California corporations. Neither TEM nor Southwest Marine had employees in Michigan, and none of the California corporations had worker's disability compensation coverage in Michigan. Southwest Marine had hired DCMA to dismantle the crane and ship it to California. After the plaintiff received an award of benefits payable by DCMA, which later became bankrupt, he sought to impose liability on the remaining defendants as principals or statutory employers pursuant to § 171 of the Worker's Disability Compensation Act, MCL 418.171; MSA 17.237(171). The magistrate and the WCAC held that neither Great Lakes nor Southwest Marine were statutory employers. On appeal, this Court agreed that Great Lakes was not a statutory employer, but

reversed and held that Southwest Marine was potentially liable for benefits as a statutory employer.

In addition, the magistrate and the WCAC had concluded that Southwest Marine could not be liable for benefits because it was not an "employer" within the meaning of the act, inasmuch as it did not employ at least three employees in Michigan at any one time. This Court reversed, agreeing with the holding in *Rodwell v Pro Football, Inc*, 45 Mich App 408; 206 NW2d 773 (1973), that an out-of-state employer may be subject to the jurisdiction of the Michigan worker's compensation system even if the employer has no employees in Michigan, as long as it has at least three employees at any one time, or meets some other definition of "employer" under the act. *Viele, supra*, p 465.

Plaintiff argues that *Viele* is dispositive, inasmuch as this Court held that the plaintiff in that case was entitled to benefits from Southwest Marine, even though Southwest Marine was a California corporation with no employees in Michigan and no worker's compensation coverage here. Defendant argues that *Viele* is not controlling because the jurisdictional issue in *Viele* involved the definition of "employer" and that this Court did not have before it or directly address the relevance, if any, of the lack of insurance coverage. We agree with defendant. Although the facts in *Viele* are on all fours with the instant case, the issue presented here was not presented to or directly addressed by this Court in *Viele*.

On the merits, however, we agree with plaintiff and hold that the magistrate and the WCAC erred in dismissing plaintiff's petition for benefits for lack of jurisdiction. Although it is true that in *Schenkel* the

Supreme Court mentioned the fact that the out-of-state employer had timely filed a certificate of Michigan worker's compensation insurance coverage, the Court explained that this was an additional reason for upholding jurisdiction, as indicated by the Court's use of the word "also." See *Schenkel, supra,* p 494. We note that the Supreme Court's analysis comports with the present structure of the Worker's Disability Compensation Act. Section 121 provides that private employers not otherwise captured by the definition of "employer" in other sections, including § 115, which requires the employment of at least three individuals at any one time, "may assume the liability for compensation and benefits imposed by this act upon employers" by purchasing a valid compensation insurance policy. Because defendant satisfies the definition of "employer" in § 115, in light of this Court's decisions in *Viele* and *Rodwell,* the purchase of worker's disability compensation insurance or approval to be self-insured is unnecessary to bring defendant within the ambit of the act.

Although defendant contends that plaintiff has failed to come forward with any evidence that defendant in fact employed at least three people at any one time, we believe that under the circumstances such an assertion amounts to an affirmative defense for which defendant bears the burden. *Brown v Beckwith Evans Co,* 192 Mich App 158, 166-170; 480 NW2d 311 (1991).

Finally, defendant's brief contains statements that suggest that defendant means to argue that extending jurisdiction in this case would violate the Due Process Clause of the federal constitution because defendant does not have the sort of minimal contacts

with the state that would give it reason to foresee being haled before a Michigan administrative tribunal. This issue was not raised below and is, therefore, not ordinarily subject to appellate review. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993); *Gortney v Norfolk & W R Co*, 216 Mich App 535, 544; 549 NW2d 612 (1996). Further, because the issue has not been adequately developed or briefed before this Court, we decline to address it. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959); *Isagholian v Transamerica Ins Corp*, 208 Mich App 9, 14; 527 NW2d 13 (1994).

To summarize, we hold that the Worker's Disability Compensation Act, by its terms, applies to injuries that occur in this state as long as the employer meets a statutory definition of "employer." Therefore, we reverse the decision of the WCAC and remand to the magistrate for a decision on the merits of plaintiff's claim.

Reversed and remanded to the magistrate for further proceedings.